MARCELINA FRANQUI DE ALFARO por sí y como madre con patria potestad sobre su menor hijo VICENTE VÉLEZ, demandante y apelada, *v.* FUERTES HERMANOS, S. EN C., demandados y apelantes.

No. 4767.—*Sometido:* Noviembre 8, 1929. *Resuelto:* Junio 25, 1930.

*Salvador Suau,* abogado de la apelante; *García Méndez & García Méndez,* abogados de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

■ Se trata de una acción de daños y perjuicios en cuya demanda se alegaba que la acción se debía "única y exclusivamente a la culpa y negligencia y al descuido y temeraria imprudencia de Federico Jovet, empleado de la demandada, quien actuaba como tal, siendo dicho descuido y negligencia la causa próxima e inmediata de dicho accidente." La demandada sostiene en apelación que la demanda es insuficiente por dejar de alegar que el empleado actuaba dentro de las atribuciones de su empleo; en otras palabras, dentro de la sanción impuesta por el artículo 1804 del Código Civil.

En su opinión la corte inferior dijo que no se le señaló ningún defecto específico de la demanda. Durante el juicio, se probó suficientemente que el supuesto agente estaba actuando dentro del negocio de su patrono. Siguiendo la jurisprudencia expuesta en el caso de *El Pueblo* v. *Sucesión Valdés,* 31 D.P.R. 223, 235, y citando la nota que aparece al calce del caso de *Ellinghouse* v. *Ajax Live Stock Co.,* L.R.A. 1916 D 841, 843, debemos resolver que la demanda, bajo las circunstancias expuestas, debe considerarse enmendada.

■ En la demanda también se alegaba que en 26 de marzo de 1927 la demandada era dueña de un autocamión destinado al uso de la compañía para la conducción de productos, etc., y además, que el agente estaba actuando como tal empleado. De estas alegaciones podemos inferir que el agente estaba cumpliendo sus deberes. Tal vez podría decirse que cuando

se alega que un vehículo estaba siendo conducido por un agente, surge la presunción de que dicho agente actuaba dentro del negocio de su principal. Esto resuelve el primer señalamiento de error.

██ Por la prueba presentada en el caso, la corte declaró: que a las 11:30 de la noche del 26 de marzo, 1927, el verdadero demandante Vicente Vélez, un menor de 16 años y agricultor de profesión, caminaba a caballo por la orilla de la carretera que conduce de Isabela a Aguadilla, por la derecha; que en dirección opuesta venía un autocamión marca "Mack," licencia H. P. 143, propiedad de la demanda-da, guiado por su empleado o *chauffeur*, Federico Jovet; que este autocamión marchaba a velocidad excesiva, haciendo zigzags, sin tocar bocina ni dar alguna otra señal de alarma, y llevando dos lámparas de gas en la parte delantera, una de ellas apagada y la otra a media luz; que el autocamión chocó violentamente con el demandante, produciéndole una herida en la rodilla izquierda con profusa hemorragia y lanzándolo a la carretera junto con el caballo; que el auto-camión siguió su veloz carrera hasta el pueblo de Isabela; que dicho demandante fué recogido por varias personas y conducido al pueblo de Isabela para ser curado, y allí fué asistido de primera intención por el Dr. Santiago, quien reco-mendó una inmediata intervención quirúrgica; que al día siguiente fué trasladado al hospital municipal de Aguadilla y el Dr. Cardona encontró que dicho demandante sufría una fractura compuesta, etc., de la pierna izquierda, con una herida que cogía casi toda la rodilla, etc.; que el deman-dante fué sometido a una operación en que fué necesario extraerle gran parte de la rótula, que estaba fracturada en forma de estrella; que estuvo cinco semanas recluído como pudiente en el hospital y dos meses más en su residencia; y que a consecuencia de este accidente sufrió de una anquilosis con pérdida de cerca de 70 por ciento de flexión, que no recobrará, quedando con una incapacidad parcial permanente.

También aparece de la prueba que las lesiones recibidas

por el demandante le produjeron grandes sufrimientos físicos y morales; que el actor pagó al Dr. Néstor Cardona la suma de $500 por la operación que en él realizó; que además satisfizo la suma de $113 por su estada en el hospital municipal; y que asimismo pagó la suma de $75 por concepto de medicinas, lo que hace un total de $688. Después de discutir la ley aplicable al caso, la corte dictó sentencia por la suma de $2,688.

La apelante critica a la corte inferior por no seguir el artículo 227 del Código de Enjuiciamiento Civil según fué enmendado por la Ley No. 25 de 12 de julio de 1925, que discutiremos un poco más adelante, a pesar de que no se hizo señalamiento de error por este motivo. La apelada dice que no hubo verdadera contradicción en la prueba, pero no podemos estar de acuerdo. La prueba de la demandada tendió a demostrar que hubiese sido imposible para los testigos de la demandante haber visto lo que declaran, o sea, la forma en que ocurrió el accidente. Sin embargo, convenimos con la apelada en que el ataque principal de la apelante se dirige a la credibilidad de los testigos de la demandante, o respecto a si los hechos pudieron ocurrir en la forma expuesta por ellos. Por ejemplo, dos de los testigos manifestaron que aquella noche no había luna y que, no obstante, estaba suficientemente claro para ver el número de la licencia y la forma exacta en que el autocamión chocó con el caballo de la parte demandante. Igualmente, la demandada comenta el hecho de que dos de los testigos relataran la misma historia palabra por palabra, tal cual si se les hubiera enseñado a decirla. Esto es solamente una referencia parcial al análisis hecho por la demandada tendente a demostrar que era imposible que el accidente ocurriera en la forma expresada por los testigos de la demandante. En varios casos hemos comentado el hecho de que inconsistencias entre las declaraciones de los testigos respecto a la forma en que ocurrió un accidente no afecta necesariamente su credibilidad, toda vez que por lo general los testigos pueden estar equivocados en parte de lo

qué vieron o lo que creyeron haber visto. Por otro lado, no es razón para no creer a uno u otro testigo por el hecho de que ambos relaten exactamente la misma historia, cuando existe la posibilidad de que pueden haber hablado sobre el asunto con el abogado, o ensayado entre sí. Cualquiera cuestión de esta clase cae dentro de la apreciación que debe hacer el juzgador del caso, o sea, el juez de distrito.

Leyendo la prueba, no hallamos razón alguna para dudar de la conclusión general a que llegó la corte inferior o de los hechos últimos que ella declaró probados. Las únicas dudas que hemos tenido surgen del análisis muy hábil hecho por la demandada. Pero estas dudas no bastan para provocar la revocación del caso. No tenemos duda de que de acuerdo con la prueba, la corte tenía derecho a creer que el *chauffeur* de la demandada caminaba descuidadamente por la carretera, en la forma descrita por los testigos de la demandante.

En lo que respecta al artículo 227, no sólo la demandada dejó de hacer un señalamiento de error sobre el particular, sino que dejó igualmente de solicitar de la corte que hiciera un análisis adicional al que se hizo en este caso. Hemos indicado antes que sería imposible para una corte expresar todas las razones que le indujeron a creer o a no creer a determinado testigo o grupo de testigos, y un gesto olvidado podría producir una convicción en la mente del juez. Podemos entender las dudas de la apelante, pero ésta no nos convence de que la corte estuviera errada al fallar el caso en favor de la demandante. Esto resuelve el segundo señalamiento de error.

El tercer señalamiento se refiere a la cuantía de la indemnización. Nos sentimos obligados a resolver que la concesión de $2,000 en adición a los gastos en que incurrió la parte demandante, no es excesiva.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Texidor no intervino.