Los Menores Juan Ramón, Marcelino, Anselmo y Juana Herminia Ruberté, conocida por Virginia, representados por su Defensor Judicial Pablo Ruberté, demandantes y apelantes, *v.* The American Railroad Company, demandada y apelada.

Núm. 6846.—*Sometido:* Noviembre 1, 1937. *Resuelto:* Noviembre 30, 1937.

*Fernando B. Fornaris, R. Hernández Matos* y *E. Huertas Zayas,* abogados de los apelantes; *Mariano Acosta Velarde,* abogado de la apelada.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

EN MOCIÓN DE RECONSIDERACIÓN

 Nos adherimos a nuestra conclusión de que los derechos de las personas que transitan por las carreteras son superiores a los de una teresina cuando la vía no es usada debido a la época del año y no se están transportando las cosechas. Los casos de accidentes en los cruces corrientes de las carreteras no son aplicables. En realidad los deberes del conductor de un automóvil de vía, bajo las condiciones, nos parecen ser análogos a los de un viandante o transeúnte que se acerca a la vía usada de un ferrocarril, en cuyo caso surgiría por parte de tal conductor el deber de pararse, mirar y oír.

██ La demandada insiste en que la decisión de esta corte sobre la cuestión de negligencia es incongruente con las alegaciones de la demanda. Ella sostiene que cuando se hacen alegaciones específicas la prueba debe limitarse a tales alegaciones y que la opinión de este tribunal se basó en un fundamento distinto. La cuestión más pertinente fué que la demanda alegaba que la demandada corría su vehículo a gran velocidad y que nuestra opinión no se basó en tal motivo ni en ninguno especificado en la demanda, sino en otro. Quizá cualquier actuación que coloque al automóvil de vía en parte de la carretera equivalga a actuar demasiado festinadamente, mas basamos nuestra resolución en otros fundamentos. En la opinión que dictamos consideramos todos los hechos en que descansaba la compañía ferroviaria. Ésta no niega, sino que afirma, que se detuvo precisamente al penetrar en la carretera. Esto está admitido. De suerte que las alegaciones pueden considerarse como enmendadas para que cubran el punto de vista que sustentamos y que claramente estuvo ante la corte inferior, de que el automóvil de vía, bajo las condiciones prevalecientes, no tuvo derecho a penetrar en la carretera. Que las alegaciones pueden considerarse como enmendadas es la base de varias decisiones de este tribunal. Véanse: *F. Gavilán & Cía.* v. *Vda. de Garriga*

*e hijos,* 38 D.P.R. 416; *Franqui* v. *Fuertes Hnos.,* 41 D.P.R. 224 y otros. No basamos nuestra revocación, como asumió la apelada, tan sólo en el deber de la compañía de enviar un observador, pero el fundamento de nuestra decisión lo fué el deber de la demandada de tomar alguna precaución al cruzar la carretera.

Insistimos en que el proceder del conductor del camión Graham-Paige se debió a una emergencia y la actuación de la demandada fué la causa próxima del accidente. No hallamos que hubiera negligencia por parte del chófer de ese camión.

En lo que respecta al conductor del camión Ford, podríamos tener algunas dudas, pero ellas solamente afectarían su supuesta negligencia contribuyente. La negligencia de la demandada aún así justificaría que el chófer del camión Graham-Paige adoptara el curso que adoptó.

Consideramos que las otras cuestiones han sido discutidas suficientemente en nuestra opinión principal, y *la moción de reconsideración debe ser declarada sin lugar.*

El Juez Asociado Señor Córdova Dávila no intervino.