Santiago Reyes, demandante y apelante, *v.* Ramón Vázquez Fuentes y Dionisio Vázquez Fuentes, demandados y apelados.

Núm. 8309.—*Sometido:* Mayo 27, 1941. *Resuelto:* Junio 3, 1941.

*F. R. Aponte,* abogado del apelante; *M. Velázquez Flores,* abogado de los apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

En su demanda ante la Corte de Distrito de Humacao, Santiago Reyes alegó ser dueño de una finca de tres cuerdas; que en dicha finca y hacia su colindancia Este, cada uno de los dos demandados tiene instalada una pequeña casa de madera, en las cuales habitan, ocupando el terreno a virtud de la tolerancia del demandante, sin pagar canon o merced alguna y sin tener título o derecho alguno; que los demandados han sido requeridos para que desalojen las fajas de terreno que respectivamente ocupan y se han negado a ello; y termina el demandante solicitando que se decrete el desahucio y se ordene el lanzamiento de los demandados.

Contestaron la demanda ambos demandados. Negaron que ellos tuvieran casa alguna instalada en terrenos del demandante, y, en contrario, alegaron que cada uno de ellos

posee una casa instalada en fincas de José María Ortiz, colindando con los terrenos que alega ser suyos el demandante, por la parte Este; que los demandados nunca han ocupado terrenos que formen parte de la finca que se describe en la demanda, la cual se encuentra libre y a disposición del demandante.

Visto el caso, la corte inferior dictó sentencia declarando sin lugar la demanda y condenando al demandante a pagar la suma de $50 como honorarios de abogado.

El demandante apelante basa su recurso en cuatro señalamientos de error, a saber: (a), que la sentencia es contraria a derecho; (b), que el juez sentenciador erró al estimar que las casas de los demandados no quedan dentro de la finca objeto del desahucio; (c) que es errónea la conclusión a que llegó la corte inferior, al efecto de que el demandante debió haber establecido previamente una acción de deslinde para determinar la verdadera cabida y colindancia de la finca; y (d), que la sentencia es contraria a la prueba.

Como se ve, todos los señalamientos están relacionados con la apreciación de la evidencia y por tanto pueden ser discutidos conjuntamente. Empezaremos por hacer un resumen de la prueba.

El demandante presentó la escritura por la cual él adquirió de Ramón Vázquez, padre de los demandados, una finca que se describe así:

"RÚSTICA.—Predio de terreno compuesto de tres cuerdas, radicado en el barrio 'Candelero Abajo' del término municipal de Humacao, colindante por el Norte con Felipe del Rosario, por el Sur con Sucesión de Manuel Surillo, *por el Este con Sucesores de José María Ortiz,* y por el Oeste con la Sucesión de Manuel Santiago." (Itálicas nuestras.)

El demandante declaró: que es dueño de un predio de terreno que compró a Ramón Vázquez Medina, padre de los demandados; que el demandado Ramón Vázquez Fuentes

está en posesión de una parte de la finca, la que ocupa con una casita, situada como a 15 ó 20 varas de la colindancia Este con la Sucesión de José María Ortiz; que en la colindancia hay un rail enclavado en dirección a un almácigo al Sur; que la casita queda dentro de las colindancias de su finca; que el otro demandado tiene otra casita, también dentro de las colindancias de su finca, como a 35 varas de la colindancia Este; que ha requerido a ambos demandados para que desalojen la finca y se han negado a irse. En la repregunta contestó: que cuando él compró la finca, ésta no fué medida; que es posible que la finca tenga menos o más de tres cuerdas; que él pagó por tres cuerdas, "las que dicen las colindancias"; que no sabe cuántas cuerdas tiene la finca de la Sucesión Ortiz, con la que colinda la suya por el Este; que las casas fueron construídas hace tiempo, mucho tiempo antes de que él comprase la finca; que no puede asegurar si el terreno ocupado por las casas pertenece a las tres cuerdas que él compró, pero cree que pertenece; que las colindancias que tiene ahora la finca son las mismas que tenía cuando él compró; que él nunca ha cercado la finca por ningún lado; que su finca no ha sido nunca deslindada en relación con las otras fincas que la rodean; que el rail que hay en la colindancia fué puesto allí por la Sucesión Ortiz.

Ramón Vázquez, antiguo dueño de la finca y padre de los demandados, declaró: que las casas de los demandados quedan fuera de la finca de tres cuerdas vendida por él al demandante; que la casa suya y las de sus hijos quedan en terrenos de la Sucesión Ortiz, a poca distancia de la guardarraya; que hace cinco años vivía en esa guardarraya, en una pequeña casa, que es la misma donde vive en la actualidad; que poseyó la finca diez o doce años y que durante ese tiempo tuvo las mismas colindancias que ahora tiene; que la única casa que hubo dentro de su finca es la que él ocupa; que en la colindancia con la Sucesión Ortiz no hay ningún palo natural ni rail para marcar la guardarraya.

El demandado Ramón Vázquez Fuentes, declaró: que las dos casas en cuestión quedan en terrenos de la Sucesión Ortiz y no dentro de las tres cuerdas que su papá vendió al demandante; que no existe ninguna colindancia natural entre una y otra fincas; que hace cinco años vivía dentro de las tres cuerdas y hace como dos años se cambió para el terreno de la Sucesión Ortiz; que él trasladó su casa de los terrenos que eran de su padre a los de Ortiz; que sacó la casa porque su papá le dijo que había vendido las tres cuerdas al demandante.

A petición del demandante, la corte practicó una inspección ocular, después de la cual el caso quedó sometido para sentencia. A continuación copiamos aquella parte de la opinión de la corte inferior que se refiere a la apreciación de la prueba:

" . . . De la prueba practicada por el demandante surgen los siguientes hechos:

"Que Santiago Reyes compró el predio que se describe en la demanda a la Sucesión de Ramón Vázquez Medina, padre de los demandados; que Ramón Vázquez Fuentes ocupa en la parte Este de la finca una porción de la misma en la cual tiene enclavada una casa que mide 10 metros de frente por 8 de fondo; que Dionisio Vázquez Fuentes ocupa la otra parte de la finca en la cual está enclavada la otra casa; que cuando compró la finca las dos casas estaban allí; que no ha medido las tres cuerdas que le vendieron; que las dos casas estaban en una esquina de la finca Australia; que en la escritura no se hizo constar los puntos de la finca, ni ha deslindado la misma.

"La prueba de los demandados tiende a demostrar que las dos casas que habitan quedan dentro de terrenos de la Sucesión de don José María Ortiz, y que han venido habitando las mismas por espacio de cinco años.

"A solicitud de las partes se procedió a una inspección ocular de. la finca y de las casas objeto de este litigio. Por la apreciación que este juez hizo de las colindancias, según indicadas por el demandante y por los demandados, arriba a la conclusión, en armonía con la prueba testifical, de que el predio de terreno comprendido dentro de las colindancias que señala Santiago Reyes tiene un cabida de más de tres cuerdas.

"Opina asimismo la corte que la parte demandante no ha demostrado, con la prueba aportada, que esas dos casas queden dentro de las tres cuerdas de terreno que compró al padre de los demandados. La situación entre las partes en cuanto a sus respectivos derechos no podría la corte resolverla en este caso sin que previamente hubiera un deslinde para determinar la verdadera cabida y colindancias de la finca del demandante. Teme el tribunal que al resolver con lugar una demanda de desahucio en las condiciones que revela la prueba, cometa una enorme injusticia."

De la evidencia resulta un conflicto de títulos, toda vez que la de los demandados tiende a sostener la alegación de que el demandante no tiene título alguno sobre el terreno ocupado por sus respectivas casas. De ella surge además un serio conflicto en cuanto a si las casas están ubicadas dentro de los límites de la finca que se describe en la demanda o si por el contrario se encuentran del otro lado de la colindancia Este de dicha finca, en terrenos pertenecientes a personas que no son partes en esta acción. La corte inferior decidió ese conflicto en favor de los demandados, por estimar sin duda alguna que era al demandante a quien incumbía probar que las casas de los demandados están realmente situadas dentro de los linderos de su finca. La prueba aducida por el demandante es en verdad insuficiente para llevar al ánimo del juzgador la convicción de que los demandados están ocupando ilegalmente terrenos del demandante. El propio demandante demostró no estar seguro de la certeza de sus alegaciones, pues al ser repreguntado dijo que no está seguro de que el terreno ocupado por las casas pertenece a las tres cuerdas que él compró, y sólo se atrevió a decir que cree que pertenece. Bajo esas circunstancias, no podemos decir que la corte inferior haya errado en la apreciación que hizo de la evidencia.

Existe otro motivo—no invocado por los apelados—para que la sentencia recurrida sea confirmada. Son hechos aceptados por ambas partes que los demandados construyeron a sus expensas y son dueños de las dos casas en cuestión,

las cuales ocupan con sus familiares; que esas casas existían donde ahora se encuentran desde mucho antes de que el demandante adquiriese la finca de tres cuerdas; y que el demandante al adquirir la finca tenía pleno conocimiento de la existencia de dichas casas. Asumiendo que éstas estén enclavadas en terrenos del demandante, la posisión de los demandados es la de edificantes y poseedores de buena fe y como tales con derecho a poseer y ocupar las edificaciones mientras el dueño del terreno no les pague el importe de los materiales y el costo de la mano de obra. La demanda en el presente caso no alega que el demandante haya hecho ese pago con anterioridad a la radicación de la demanda y por tanto no aduce hechos suficientes para que el demandante pueda basar en ellos una acción de desahucio en precario.

Véanse: *Rivera* v. *Santiago,* 56 D.P.R. 381; *Carrasquillo* v. *Ripoll y Maldonado, Int.,* 56 D.P.R. 395; *Palermo v. Corte,* 58 D.P.R. 189; y *Maldonado et al.* v. *Rodríguez,* ante, pág. 778.

*La sentencia recurrida debe ser confirmada.*