José A. Aybar, demandado y apelante, *v.* Norberto Jiménez, demandado y apelado.

Núm. 8437.—*Sometido:* Junio 25, 1942. *Resuelto:* Julio 21, 1942.

E. *Acosta Domenech*, E. *Acosta Calderón* y *José López Baralt*, abogados del apelante; *Astacio & Toledo,* abogados del apelado; *Francisco González Fagundo* y E. *Martínez Rivera,* como *amicus curiae.*

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La corte inferior, en la opinión que dictó para sostener su sentencia declarando sin lugar la demanda de desahucio en este caso, hizo constar que lo hacía obligada por las decisiones de esta Corte Suprema en los casos de *El Pueblo* v. *Carrasquillo,* 58 D.P.R. 176 y *Palermo* v. *Corte,* 58 D.P.R. 189, y "únicamente por ese motivo". Empero, nuestras de-

cisiones en los casos mencionados no son aplicables a los hechos del caso de autos y, por tanto, es claramente errónea la conclusión a que llegó la corte inferior.

Esos hechos, según se exponen en dicha opinión, son los siguientes:

"Dolores Aybar, Ana Gloria y Nidia Monserrate Acosta eran dueñas de un solar de diecisiete metros de frente por cuarenta de fondo situado en la finca Capetillo de Río Piedras. Arrendaron un trozo de este terreno, de una cabida de ocho metros cuadrados, al demandado Norberto Jiménez mediante el pago de un canon mensual de $2. Allí edificó el demandado un *quiosquito o una casilla* donde estableció un tallercito de zapatería. En 27 de agosto de 1940 los arrendadores vendieron el solar al demandante José Angel Aybar. Como el arrendamiento era por meses y no tenía término fijo el demandante no renovó el contrato y requirió al demandado para que desalojase el solar. Éste se negó a hacerlo a no ser que le pagasen la casilla o quiosco allí construído. Entonces se presentó esta demanda de desahucio en precario. Contestó el demandado alegando que en el solar arrendado tenía edificado una casilla o quiosquito, que pagaba $2 mensuales como canon de arrendamiento y que después de la venta al demandante éste había ratificado el contrato de arrendamiento celebrado por el demandado con la antecesora del demandante y que de acuerdo con las instrucciones del último había continuado pagando el canon mensual a doña Dolores Aybar y que existiendo por tanto un contrato de arrendamiento por un canon anual que no excede de $1000 la corte de distrito carece de jurisdicción para entender en el litigio siendo el caso de la jurisdicción de la corte municipal. Fué el pleito a juicio declarando únicamente el demandante y el demandado. Sus testimonios tendieron a sostener sus respectivas contenciones.

"La corte da crédito al demandante en cuanto mantiene que no renovó el contrato de arrendamiento. . ." (Bastardillas nuestras.)

De la transcripción de evidencia aparece que el juez inferior en tres ocasiones indagó con el demandante y con el demandado la verdadera naturaleza del quiosquito o casilla del demandado. Al demandante le preguntó:

"Juez. P.—¿La casilla esa de quién es?
"R. Será de él, porque es de cajones.

"P.    ¿Pero hay una persona viviendo en la casilla?

"R.    No exactamente; tendría que añangotarse para entrar.

"P.    ¿En qué consiste esa casilla?

"R.    Hay una ventana afuera y una puerta por donde entra, bastante baja y ahí tiene los zapatos que arregla.

"P.    ¿Una persona no cabe parada?

"R.    Yo no cabría parado, y no soy alto.

"P.    ¿Él se sienta a trabajar allí?

"R.    Se sienta a trabajar allí."

(T. de E., pág. 5.)

"P.    Juez.—¿Cómo es esa casilla?

"R.    De cajones, y una parte que está adherida al suelo.    No tiene concreto, está sobre cajones.

"No he visto que tenga socos.

"P.    ¿Se puede llevar fácilmente?

"R.    Sí, señor.

"P.    ¿No está enclavada en la finca?

"R.    No, señor."

(T. de E., pág. 7.)

Y al demandado le preguntó lo siguiente:

"Juez.—¿Esa casilla está adherida al suelo o debajo de la casa?

"R.    Una especie de cuatro soquitos.

"P.    Así es que usted puede llevarse la casilla y arrancarla con los soquitos?

"R.    Sí, señor."

(T. de E., pág. 12.)

Anteriormente el demandado había declarado que la casilla la había comprado ya vieja en $4 y que había invertido dos o tres pesos en arreglarla.

De acuerdo con estas declaraciones quedó probado que el quiosco o casilla del demandado es una construcción vieja, hecha de cajones de madera, tan pequeña y baja que una persona no cabe de pie en ella; que no está enclavada en la finca y puede fácilmente ser removida, sin menoscabo ni para la finca ni para la casilla.

██ En los casos de *Pueblo* v. *Carrasquillo* y *Palermo* v. *Corte*, supra, lo que resolvimos, y ahora ratificamos, es que

una casa de vivienda, una edificación de carácter permanente, no constituye una mejora útil o de recreo, y que cuando es construída de buena fe, con conocimiento del dueño del terreno que lo arrendó para dicho fin y sin que se pactara nada con el que edificó para regular los derechos de uno y otro con respecto a lo edificado, no procede el desahucio, pues como dijimos en el último de los casos mencionados: "tratándose de edificaciones de carácter permanente, no puede presumirse que la intención de una y otra parte fuera que el dueño del terreno pudiese por un simple aviso con treinta días de anticipación, obligar al edificante a destruir lo edificado, ya que el tratar de remover la edificación equivaldría a destruirla".

Esta doctrina, sin embargo, no debe aplicarse a casos como el de autos en el que lo construído o edificado no es de carácter permanente. Como hemos dicho antes, la prueba demostró que la casilla del demandado es una cosa movible, que la adquirió para su propia conveniencia o comodidad para llevar a cabo su oficio de zapatero y que, si bien se encuentra en el solar, no está unida al mismo sino en forma accidental. Por su naturaleza inestable es igual que si el demandado tuviera una silla con su toldo, una tienda de campaña, o cualquier otra cosa mueble en el solar del demandante que pudiera ser removida sin detrimento alguno para la finca.

No hemos de seguir a la corte inferior en sus elaborados esfuerzos por demostrar que esta Corte erró al resolver los casos de *Carrasquillo* y *Palermo*, supra. A base de una premisa falsa no puede llegarse a una conclusión correcta. Y la premisa falsa consiste en que se ha querido aplicar la jurisprudencia establecida en dichos casos, que se refiere a edificaciones de carácter permanente, como una casa, que en sí no es una mejora útil o de recreo, y cuando ellas han sido

construídas de buena fe, con el consentimiento expreso o implícito del arrendador, dueño del terreno, a los hechos especiales del caso de autos que no justifican su aplicación, y en el cual, probados los demás hechos necesarios, debió declararse con lugar la demanda de desahucio.

Si no aceptamos la interpretación que algunos comentaristas y tribunales citados por la corte inferior hayan podido dar a la naturaleza y extensión de lo que constituye una mejora útil o de recreo, en relación con la edificación de una casa, es porque preferimos seguir la moderna tendencia de interpretar la ley liberalmente de manera que se haga completa justicia a las partes, en un procedimiento plenario, en el que puedan dilucidarse y resolverse estas cuestiones que, por su naturaleza, no pueden ser determinadas en el procedimiento sumario de desahucio.

Nuestras decisiones, tanto en los casos de *Carrasquillo* y de *Palermo,* supra, como en los de *Rivera* v. *Santiago,* 56 D.P.R. 381, y *Carrasquillo* v. *Ripoll* y *Maldonado, Int.,* 56 D.P.R. 395, están inspiradas en estos principios y su alcance es solamente al efecto de que no es en el procedimiento sumario de desahucio que debe y puede determinarse el montante de la reclamación a que pueda tener derecho un demandado por lo que ha edificado con carácter permanente con el consentimiento del dueño del terreno, a menos que exista un pacto que regule los derechos de los litigantes, y que al desestimarse la demanda siempre se hará sin perjuicio de que se recurra a la acción ordinaria correspondiente dentro de la cual podrán dirimirse los derechos de una y otra parte.

*Debe revocarse la sentencia dictada por la corte inferior y en su lugar dictarse otra declarando con lugar la demanda, con costas, sin que éstas incluyan honorarios de abogado.*

El Juez Asociado Sr. Travieso no intervino.