EZEQUIEL MARTÍNEZ y JUAN RODRÍGUEZ, demandantes y apelados, *v.* DOMINGO TORRES, demandado y apelante.

Núm. 8929.—*Sometido:* Junio 15, 1944. *Resuelto:* Julio 28, 1944.

*Carlos E. Colón,* abogado del apelante; *E. Ramos Antonini* y *V. Gutiérrez Franqui,* abogados de los apelados.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Ezequiel Martínez y Juan Rodríguez instaron acción de desahucio en precario contra Domingo Torres. Alegaban en la demanda que obtuvieron en arrendamiento de don Antononio Pacheco, una finca con cabida de 105 cuerdas situada en el barrio Caimito de Yauco, P. R., en la cual ubican varias edificaciones. Que a pesar de que los demandantes están usando la casa ubicada en dicha finca y seis o siete cuerdas de terreno alrededor de la misma, el demandado detenta el remanente de la finca con siembras esparcidas en distintos puntos de la finca, ejecutando actos de posesión sin pagar canon o merced de clase alguna. Que los demandantes han requerido al demandado para desalojar el fundo, y aún le han invitado para justipreciar las siembras que pueda tener dicho demandado, con miras a pagarle las mismas y obtener que el demandado abandone el predio descrito, todo ello sin que el demandado haya accedido, continuando, por el contrario, en la posesión precaria de la descrita heredad.

Contestó el demandado alegando que posee alrededor de veinticinco cuerdas, sembradas por él de tabaco y frutos menores, en la finca descrita en la demanda, pero que las mismas están en su poder con la aprobación, consentimiento y autorización del dueño del predio, don Antonio Pacheco, quien nunca ha restringido ni revocado el permiso concedídole al demandado para que cultive, posea y explote dichas 25 cuerdas sin exigirle canon ni precio por dicha concesión estando ésta basada en la relación de parentesco existente entre el demandado y don Antonio Pacheco, ya que el primero está casado con doña Elisa Pacheco Morales, hija del segundo. Que el demandado se halla en posesión de las referidas 25 cuerdas desde agosto de 1940, sin que su posesión de buena fe haya sido interrumpida en forma alguna. Negó que se le haya requerido para desalojar la parcela por él ocupada, o que se le haya ofrecido indemnización alguna por las siembras y obras.

Como materia nueva alegó el demandado que tanto los demandantes como los demás hijos de don Antonio Pacheco fueron citados por este último para que, de común acuerdo, se hicieran cargo de la finca repartiéndosela entre ellos, con la sola condición de que pagasen las contribuciones y suministrasen al dueño una pequeña renta de subsistencia por encontrarse don Antonio Pacheco muy entrado en años y querer retirarse a descansar. Que en esas condiciones fué que el demandado, con autorización de don Antonio Pacheco y todos los demás miembros de la familia, sembró varias talas de frutos menores y tabaco, ocupando unas 25 cuerdas del predio de 105 cuerdas que se describe en la demanda, siembras que valen alrededor de $400.

Como defensas especiales alegó, (1) que los demandantes no tienen capacidad legal para demandar, por estar su título viciado de nulidad y por carecer de personalidad jurídica para instar acción de la índole de la que ejercitan; (2) que la demanda no aduce hechos suficientes constitutivos de causa de acción; (3) que el demandado es un sembrador de buena fe y no se le han indemnizado en forma alguna sus plantíos y obras, y (4) que la Ley núm. 14 de 21 de noviembre de 1941 ((2) pág. 45) impide la expedición de una orden de lanzamiento en el presente caso.

Celebradas las dos comparecencias que establece la ley de desahucio (artículos 623 y 625, Código de Enjuiciamiento Civil, ed. 1933), la corte inferior, el 10 de febrero de 1944, dictó sentencia declarando con lugar la demanda pero disponiendo, sin embargo, que ''dentro del término de ley . . . se proceda a nombrar un perito por cada parte, que realicen avalúo de la siembra existente en el predio y que los demandantes hagan efectivo dicho valor al demandado antes de ordenarse un lanzamiento en el caso, y de no haber concurrencia en dichos peritos en cuanto al justiprecio, el Tribunal nombrará un tercero a dichos fines.''

No conforme con dicha sentencia el demandado ha apelado de la misma para ante este tribunal, señalando la comisión de cinco errores por la corte inferior.

En su primer señalamiento alega el apelante que la corte inferior cometió error "al no considerar y en su consecuencia desestimar la demanda, la defensa especial del demandado-apelante al efecto de que los demandantes-apelados carecen de capacidad legal para demandar por estar su título viciado de nulidad absoluta y ser el mismo inexistente."

Alega el apelante que el contrato de arrendamiento en que basan su título los demandantes apelados es inexistente por ser el mismo simulado, razón por la cual alega puede ser atacado colateralmente en la acción de desahucio.

Es cierto que un demandado en acción de desahucio puede atacar el título del demandante, pero para ello es preciso que los vicios de que tal título adolezca lo hagan nulo e inexistente y no meramente anulable. *Martínez* v. *Figueroa,* 50 D.P.R. 951. Sin embargo, en el caso de *Colón* v. *Colón,* 51 D.P.R. 97, 103, este tribunal dijo lo siguiente:

"La teoría de todos estos casos es que el demandante en un pleito de desahucio que presenta un título válido hasta que el mismo se invalida, tiene derecho a la inmediata posesión en tanto en cuanto se determina judicialmente en cualquier otro recurso, la validez de su título. La doctrina de tales casos es inaplicable cuando la parte demandada en un pleito de desahucio, se encuentra en posesión a título de dueña, alega hechos suficientes para demostrar la nulidad absoluta del título del demandante y aduce suficiente prueba para indicar que su defensa no es un pretexto. (Citas)"

En el caso de autos el demandado no está en posesión a título de dueño. De los autos surge claramente que su tenencia de la finca es en precario. Tanto su contestación a la demanda como la prueba tienden a establecer este hecho. Siendo ello así su posesión es una originada en la mera tolerancia del dueño actual de la finca por cuya posesión no paga renta ni merced alguna. Su posesión depende únicamente de la voluntad del dueño y siendo ello así no puede

atacar colateralmente la validez del título de los demandantes, ya que su posición de precarista y los hechos que alega no son suficientes para demostrar la nulidad absoluta del título de los demandantes. Estos han presentado en evidencia, y ha sido admitida por la corte sin oposición del demandado una escritura pública en la cual el dueño de la finca le arrienda a los demandantes la parte de la finca objeto del desahucio, arrendamiento que fué debidamente inscrito en el Registro de la Propiedad de San Germán. No se ha cometido el primer error señalado.

Establecida la posesión en precario del demandado, pasemos ahora al segundo señalamiento que es en el sentido de que la corte inferior cometió error "al determinar que el demandado no es un sembrador de buena fe."

La corte inferior, en su opinión, se expresó como sigue:

"De un estudio de la evidencia, encontramos que al tiempo en que el demandado estaba comenzando a arar para sembrar una tala se personó en su finca don Antonio Pacheco Rodríguez, acompañado de un policía y le prohibió que continuase cultivando o que sembrase en dicha finca, manifestándole al mismo tiempo que la misma estaba otorgada en arrendamiento a los aquí demandantes. El demandado Domingo Torres no obedeció a este mandato del dueño ni a los posteriores requerimientos de los demandantes a los efectos de que fuese entregada la finca a ellos en virtud de la escritura antes citada, que daba a ellos el derecho de arrendamiento y, por el contrario, continuó en el cultivo de la finca y sembró las plantaciones que ahora alega tener. Este tribunal entiende que el demandado Domingo Torres no puede aducir la alegación de sembrador de buena fe a la luz de estos hechos, cuando le constaba por las propias advertencias del dueño arrendador; no haber derecho a plantar o edificar en el suelo que había sido cedido en arrendamiento a los aquí demandantes."

La conclusión a que llega la corte inferior está sostenida por la prueba ofrecida en el juicio. Es cierto que en la demanda no se alega la mala fe del demandado, pero sin embargo el demandado en su contestación alegó ser sembrador de buena fe y a tal efecto introdujo prueba que fué contro-

vertida por los demandantes. Por consiguiente, la cuestión envuelta es si en una demanda de desahucio en precario es necesario alegar la mala fe del demandado para que la misma pueda prosperar.

Creemos que la cuestión en el caso de autos carece de importancia. Habiéndose introducido prueba sobre la buena fe del demandado y habiéndose ofrecido prueba en contrario a tal efecto, la cuestión fué una que estuvo ante la corte y ésta en su opinión no hizo más que resolver un conflicto de evidencia surgido en el caso. Si la demanda era o no defectuosa carece de importancia toda vez que los defectos de que la misma adolecía fueron suplidos por la prueba y debe considerarse la demanda enmendada para conformarla a tal prueba.

"La regla general de derecho es que la prueba que la corte tuvo ante sí justificó la sentencia dictada en el caso, pudiendo tal sentencia suplir o subsanar defectos en las alegaciones." *Burgos* v. *Crespo,* 48 D.P.R. 525.

También ha dicho este Tribunal que "las alegaciones de una demanda pueden considerarse como enmendadas para cubrir un punto de vista sustentado por y que claramente estuvo ante la corte *a quo.*" *Ruberté* v. *American Railroad Company,* 52 D.P.R. 371. (Véanse además los casos de *F. Gavilán & Cía.* v. *Vda. de Garriga e hijos,* 38 D.P.R. 416; *Franqui* v. *Fuentes Hnos.,* 41 D.P.R. 224.)

Además, el hecho de haberse presentado prueba sobre la buena o mala fe del demandado no constituyó un elemento de sorpresa para éste ya que la iniciativa en cuanto a esta cuestión la tomó el demandado y ningún perjuicio se le causó que él no hubiera podido prever.

Habiendo sido destruída la presunción de buena fe que acompañaba al demandado como sembrador, no creemos que la corte inferior cometiera error al determinar que éste no era un sembrador de buena fe, razón por la cual no creemos se cometiera el segundo error señalado.

En su tercer señalamiento alega el apelante que la corte inferior cometió error "al no considerar y declarar con lugar, desestimando la demanda, la defensa especial del demandado apelante en el sentido de que la demanda en este caso no aduce hechos constitutivos de causa de acción, así como la prueba aportada en su apoyo."

Como fundamento de este señalamiento alega el apelante que: (1) "tratándose de una acción de desahucio en precario y alegándose en la misma, sin que se alegue mala fe, que existen siembras cultivadas y sembradas por el demandado en la acción, cuya propiedad le·pertenece, es necesario se encamine alegación de que previa la radicación de dicha demanda se ha satisfecho el valor justo y razonable de las siembras; y a falta de esa alegación la misma no aduce hechos.

"(2) . . . tratándose de una acción de desahucio en precario y alegado en la demanda existen siembras hechas por el demandado en el fundo objeto del litigio cuyo pago previo no se ha efectuado, es necesario se encamine en la misma algación específica de mala fe por parte del demandado al efectuar dichas siembras."

No creemos tenga razón el apelante. Los casos que cita para sostener su contención no son, en nuestra opinión, de estricta aplicación al caso de autos. En el caso de *Rivera* v. *Santiago*, 56 D.P.R. 381, al tomar posesión de la finca los demandantes, "encontraron allí a los demandados ocupando dos casas de madera, techadas de zinc, construídas por ellos poco después del ciclón de San Felipe, precisamente en los sitios que habían ocupado con otras casas construídas también por ellos allá por el año 1903 ó 1904, que fueron destruídas por el indicado ciclón."

Y en el caso de *Reyes* v. *Vázquez*, 58 D.P.R. 786, dijo este tribunal (a la pág. 790 *in fine* y 791): "Son hechos aceptados por ambas partes que los demandados construyeron a sus expensas y son dueños de las dos casas en cuestión, las

cuales ocupan con sus familiares; que esas casas existían donde ahora se encuentran desde mucho antes de que el demandante adquiriese la finca de tres cuerdas; y que el demandante al adquirir la finca tenía pleno conocimiento de la existencia de dichas casas.''

Como se ve, en ambos casos, citados por el apelante, al entrar en posesión los demandantes ya los demandados estaban en posesión del inmueble objeto de la acción. Era justo que su posesión fuera protegida por la presunción, *juris tantum* de buena fe. Ésa es la regla que ha seguido este Tribunal en los casos de *Rivera* v. *Santiago,* supra, *Carrasquillo* v. *Ripoll y Montalvo, Int.,* 56 D.P.R. 318; *Carrasquillo* v. *Ripoll y Maldonado, Int.,* 56 D.P.R. 395; *Reyes* v. *Vázquez,* supra y *Pueblo* v. *Carrasquillo,* 58 D.P.R. 176.

En el caso de autos el demandado entró en posesión estando ya en posesión el dueño de la finca, don Antonio Pacheco. La presunción en estos casos es la establecida por el Código Civil (ed. 1930) en sus artículos 287, 288 y 294. El primero de estos artículos establece que ''la propiedad de los bienes, ya sean muebles o inmuebles, lleva consigo el derecho por accesión, a todo lo que ellos producen o se les une o incorpora, natural o artificialmente.'' El artículo 288 dice:

''Pertenecen al propietario:
''1. Los frutos naturales.
''2. Los frutos industriales.
''3. Los frutos civiles.''

Y el artículo 294: ''Lo edificado, plantado o sembrado en predios ajenos y las mejoras o reparaciones hechas en ellos, pertenecen al dueño de los mismos, con sujeción a lo que se dispone en los artículos siguientes.''

Es decir, la presunción en este caso era a favor del dueño del inmueble, sobre todo habiendo el demandado aceptado desde un principio ser un precarista, esto es, que no tenía título o derecho alguno salvo la tolerancia o condescendencia del dueño. (Véase *Municipio de Ponce* v. *Collazo,* 56 D.P.R.

509, 512 y siguientes donde este tribunal hace un estudio muy completo de lo que se entiende, por precario.) Su posesión dependía de la voluntad del dueño.

Ya hemos dicho que la prueba tendió a demostrar que el demandado en el caso de autos no solamente ocupó con sus siembras y plantíos una parte de la finca en la cual no tenía derecho a estar, sino que su posesión y los trabajos que allí realizó fueron en contra de la voluntad del dueño. Su mala fe ha sido más que probada. Ningún derecho tenía el demandado a que se le abonaran los gastos incurridos en la siembra y cultivo de las plantaciones que en la parte de la finca objeto del desahucio, tenía. A lo más que tal vez hubiese tenido derecho es a la indemnización que establece el artículo 18 de la Ley de Desahucio (artículo 637, Código de Enjuiciamiento Civil, ed. 1933) pero sus reclamaciones no hubiesen sido obstáculo para el lanzamiento del demandado.

En el caso de autos no se trataba, como en los casos antes citados, de edificaciones de carácter permanente sino de siembras o plantíos de frutos menores los cuales generalmente dan una sola cosecha, y si dan alguna otra, es de tan poca importancia que su valor no merece consideración. En el caso de *Aybar* v. *Jiménez*, 60 D.P.R. 745, 747, *in fine, et seq.* esta Corte hace una distinción de la doctrina sentada en los casos de *Pueblo* v. *Carrasquillo*, 58 D.P.R. 176 (supra) y *Palermo* v. *Corte*, 58 D.P.R. 189 estableciendo una distinción en cuanto a construcciones o edificaciones de carácter permanente y aquellas que son de carácter movible y están unidas al suelo en forma accidental. En aquel caso (*Aybar* v. *Jiménez,* supra) dijo esta corte (pág. 748, *in fine*) :

"A base de una premisa falsa no puede llegarse a una conclusión correcta. Y la premisa falsa consiste en que se ha querido aplicar la jurisprudencia establecida en dichos casos, que se refiere a edificaciones de carácter permanente, como una casa, que en sí no es una mejora útil o de recreo; y cuando ellas han sido construídas de buena fe, con el consentimiento expreso o implícito del arrendador, dueño del terreno, a los hechos especiales del caso de autos que no

justifican su aplicación, y en el cual, probados los demás hechos necesarios, debió declararse con lugar la demanda de desahucio.

"Si no aceptamos la interpretación que algunos comentaristas y tribunales citados por la corte inferior hayan podido dar a la naturaleza y extensión de lo que constituye una mejora útil o de recreo, en relación con la edificación de una casa es porque preferimos seguir la moderna tendencia de interpretar la ley liberalmente de manera que se haga completa justicia a las partes, en un procedimiento plenario, en el que puedan dilucidarse y resolverse estas cuestiones que, por su naturaleza, no pueden ser determinadas en el procedimiento sumario de desahucio.

"Nuestras decisiones, tanto en los casos de *Carrasquillo* y de *Palermo*, supra, como en los de *Rivera* v. *Santiago*, 56 D.P.R. 381 y *Carrasquillo* v. *Ripoll* y *Maldonado, Int.*, 56 D.P.R. 395, están inspiradas en estos principios y su alcance es solamente al efecto de que no es en el procedimiento sumario de desahucio que debe y puede determinarse el montante de la reclamación a que pueda tener derecho un demandado por lo que ha edificado con carácter permanente con el consentimiento del dueño del terreno, a menos que exista un pacto que regule los derechos de los litigantes, y que al desestimarse la demanda siempre se hará sin perjuicio de que se recurra a la acción ordinaria correspondiente dentro de la cual podrán dirimirse los derechos de una y otra parte."

Ya hemos visto que en el caso de autos se trata de plantíos o sembrados de frutos menores. La misma distinción que se hizo en el caso de *Aybar,* supra, cabe en este caso. Con ordenar el lanzamiento del demandado de la finca y asimismo ordenar una tasación de sus plantíos o sembrados según dispone la Ley de Desahucio en su artículo 18, ningún daño se le causaba al demandado que no pudiera ser reparado, máxime cuando los demandantes alegaban en su demanda estar dispuestos a indemnizar al demandado, previa tasación, el valor de dichas plantaciones.

Si algún error cometió la corte inferior fué no ordenar el lanzamiento del demandado, sin concederle compensación por los frutos pendientes, toda vez que la propia corte resolvió que el demandado era un poseedor de mala fe. Empero, como el demandante no apeló de la sentencia no podemos alterarla en cuanto a ese pronunciamiento. Artículo 298

Código Civil. No habiendo habido en el juicio objeción alguna de parte de los demandantes a satisfacer el valor de las cosechas y no habiéndose alegado expresamente la mala fe del demandado, no creemos se hubiese cometido injusticia alguna a los demandantes de haber la corte dictado sentencia de acuerdo con el citado artículo 18 de la Ley de Desahucio y creemos la sentencia debió ser modificada en cuanto a este extremo. Pero como la corte inferior se demoró cerca de dos años en dictar su sentencia el demandado tuvo más que sobrado tiempo de recoger las cosechas de sus siembras y plantíos y de resarcirse los gastos en que incurriera al hacerlas.

No creemos deba pasarse por alto el hecho de que la corte inferior se demorara cerca de dos años en dictar sentencia en este caso. La acción de desahucio es una acción de naturaleza sumaria y los intereses de las partes están mejor protegidos cuando las cortes cumplen su deber con la rapidez que la ley determina. Nos parece que la corte inferior debió haber actuado con la rapidez que el caso exigía pues nada encontramos en el récord ante nos que tienda a justificar que se haya dejado pasar tanto tiempo sin resolver una acción de carácter sumario.

Por las razones antes expuestas no creemos se cometiera el tercer error señalado.

Los dos últimos señalamientos son en el sentido de que la corte inferior erró "al apreciar la prueba aportada con manifiesto abuso de discreción" y "al dictar una sentencia . . . que es a todas luces contraria a las alegaciones y las pruebas aportadas por las partes en litigio y a la ley y la jurisprudencia aplicables a la materia objeto del presente caso."

Por lo que antes hemos dicho no creemos necesario entrar a considerar las cuestiones planteadas por el apelante en estos dos señalamientos de error. Creemos que con lo dicho basta para establecer que los mismos no fueron cometidos.

*Debe confirmarse la sentencia apelada.*