PEÑA & BALBÁS, demandante y apelante, *v.* JULIO TORO, MARSHAL DE LA CORTE MUNICIPAL DE SAN JUAN, SECCIÓN SEGUNDA, demandado y apelado.

No. 3488.—*Visto:* Febrero 27, 1925.   *Resuelto:* Abril 17, 1925.

1. ARRENDADOR Y ARRENDATARIO—ACCIÓN DE VOLVER A ENTRAR EN, Y RECOBRAR LA POSESIÓN POR EL PROPIETARIO—PROCEDIMIENTOS—DESAHUCIO—MANDAMIENTO DE DESAHUCIO Y SU CUMPLIMIENTO—LANZAMIENTO Y SU ALCANCE.— En cumplimiento de un mandamiento de desahucio el márshal debe desalojar al demandado en su persona, muebles y enseres, pero en cuanto a bienes, el lanzamiento sólo comprende la propiedad personal del demandado pero no la adherida al suelo, labores, plantíos o cualquiera otra cosa que no se pueda separar de la finca.

2. MANDAMUS—NATURALEZA Y FUNDAMENTOS DEL MANDAMUS EN GENERAL—NATURALEZA DEL, Y CUESTIONES QUE ABARCA EL REMEDIO.—El *mandamus* no es el remedio que procede en controversias que se refieran a la remoción de cosas adheridas al suelo y que surgen en un procedimiento de desahucio.

3. MANDAMUS—NATURALEZA Y FUNDAMENTOS DEL MANDAMUS EN GENERAL—NATURALEZA DE, Y CUESTIONES QUE ABARCA EL REMEDIO.—El *mandamus* no es para determinar controversias de esta clase y sí simplemente para hacer cumplir un específico y claro derecho legal cuando tal derecho descansa en cuestiones de ley.

4. MANDAMUS—CUESTIONES SUJETAS A MANDAMUS Y PROPÓSITO DEL REMEDIO—ACTOS Y PROCEDIMIENTOS DE CORTES, JUECES Y FUNCIONARIOS JUDICIALES—ACTOS MINISTERIALES.—La orden de lanzamiento que dispone arrojar al demandado del inmueble junto con su propiedad personal es un acto ministerial que la ley impone ejecutar al márshal.

RECONSIDERACION.

*Resolución* de Abril 30, 1925.

1. APELACIÓN Y ERROR—VISTA Y NUEVA VISTA—RECONSIDERACIÓN DE SENTENCIA.— No procede una moción de reconsideración, cuando se insiste sobre los motivos fundamentales que se alegaron para sostener la apelación, y de los razonamientos de la moción no se desprende nada que permita rectificar las conclusiones de la sentencia anterior.

2. ARRENDADOR Y ARRENDATARIO—PROPIEDADES Y SU DISFRUTE Y USO—REPARACIONES, ASEGURO Y MEJORAS—MEJORAS UTILES O DE RECREO HECHAS POR EL ARRENDATARIO.—El *mandamus* no es el procedimiento adecuado para dirimir controversias que surjan entre arrendador y arrendatario con respecto a las mejoras útiles o de recreo que éste haya hecho en la finca arrendada.

SENTENCIA de *Pablo Berga,* J. (Primer Distrito, San Juan), denegando petición *mandamus,* sin costas. *Confirmada.*

*A. Marín Marién,* abogado del apelante; *Attorney General,* abogado del apelado; *Campillo & Campillo,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Este es un *mandamus* para compeler al Márshal de la Corte Municipal de San Juan, Sección Segunda, a que cumpla cierta orden de lanzamiento expedida en un procedimiento de desahucio.

Peña & Balbás, que es una sociedad civil y se dedica, entre otros negocios, al de ceder solares en arrendamiento, arrendó a Ramón González un solar, sito en el barrio de Santurce, de esta ciudad. El arrendatario fabricó tres casas de maderas y luego por falta de pago el apelante inició el procedimiento sumario de desahucio en el cual se decretó en definitiva el desahucio y se ordenó el lanzamiento del demandado González del solar arrendado. El mandamiento para desalojar al demandado se entregó al márshal y fué diligenciado haciéndose constar solamente la tasación de las tres casas construidas. La ejecución de la orden no se cumplió del todo y un segundo mandamiento fué expedido, el que devolvió dicho funcionario, certificando ''que el lanzamiento del demandado Ramón González que se ordena en el mismo, del solar que se describe, fué ejecutado * * * en cumplimiento del mandamiento de fecha 22 de diciembre de 1923.'' No conforme el apelante por no haber procedido el márshal a destruir y remover las casas del solar en que están enclavadas, solicitó y obtuvo de la corte municipal nueva orden, que dice:

''Que simplemente se reproduzca la orden de la corte de Junio 19 de 1924 y se expida al márshal el correspondiente mandamiento.— Agosto 30 de 1924.—(fdo.) P. Manzano Aviñó, Juez Mpl. Sec. Sgda.''

El mandamiento fué expedido, diferenciándose de los anteriores en haberse consignado en la parte dispositiva estas

palabras: "haciendo que dicho terreno quede expedito a disposición de la demandante." Quizá no puede decirse que haya diferencia sustancial con las de: "Y dicho terreno deberá quedar libre a la disposición del demandante," que contiene el mandamiento anterior. Pero cualquiera que sea la diferencia, uno u otro mandamiento no requiere por términos expresos la remoción de las casas que en ellos se describen. Sin embargo, la teoría del apelante parece que se extiende, como cuestión legal que establece, a que el lanzamiento incluye no sólo el acto de desalojar al demandado en su persona sino que comprende toda la propiedad, sin distinguir su naturaleza.

La sección 18 de la ley estableciendo el procedimiento para el desahucio, aprobada en marzo 9, 1905, (Leyes de 1905, pág. 286), sección 1642 de la Compilación de 1911, pág. 339, dice:

"Sec. 18.—No será un obstáculo para el lanzamiento el que el colono o inquilino reclame como suyos labores, plantíos o cualquiera otra cosa que no se pueda separar de la finca.

"En este caso el márshal procederá al inmediato lanzamiento, sin prórroga alguna, y una vez efectuado éste a instancia del interesado procederá a la práctica de un avalúo a costa del reclamante, previa designación de un perito nombrado por los interesados de común acuerdo, y en caso de discordia de tres peritos designados uno por cada parte y el tercero por el márshal. Practicado el justiprecio y recibido por el márshal el resultado del mismo por escrito que firmarán los peritos, los interesados y dicho funcionario, lo devolverá a la corte con la orden de ejecución; quedando al demandado libre el ejercicio de su acción para reclamar ante el tribunal competente el importe de la cantidad en que se aprecie lo que creyese corresponderle."

Esta parte de la ley obedece al fin para que fué establecida la ley de desahucio, indicando ser un procedimiento sumario, breve, y así el dueño de un inmueble obtiene la rápida ejecución de su sentencia sin pretexto alguno que por la discusión de bienes pudiera entorpecer el demandado sobre reclamaciones de cosas que ya especifica la ley o de

naturaleza análoga, no quedando tampoco sobre ellas sin protección el demandado. Se ha tratado de armonizar derechos de una y otra parte al amparo de reglas justas y equitativas para cada interesado. Decretado el desahucio y ejecutoria la sentencia, debe dársele la posesión material al demandante y esto se cumple desalojando al demandado de la finca (a la fuerza si su actitud lo hace necesario) en su persona, muebles y enseres. El lanzamiento en cuanto a bienes sólo comprende la propiedad personal del demandado pero no la adherida al suelo, labores, plantíos o cualquiera otra cosa que no se pueda separar de la finca, como dice la sección 18, *supra.* Naturalmente que estos bienes si se desprenden del fundo se destruye su valor y de ahí es que hay que determinar su precio, haciendo reserva la ley a favor del demandado para reclamarlo. Dichos bienes representan a veces sumas considerables y el demandante resultaría enriquecido con la labor de un demandado a quien se le haya cumplido el contrato o ha tenido la desgracia de no poder pagar las rentas o se había confiado a la merced o tolerancia del dueño.

Las dificultades que a veces se presentan para saber si la mera adherencia de una cosa al suelo es o no susceptible de ser removida sin deterioro, es una indicación suficiente para que en controversias de esta clase no parezca procedente el *mandamus,* pues su objeto no es para determinar controversia y sí simplemente para hacer cumplir un específico y claro derecho legal cuando tal derecho descansa únicamente en cuestiones de ley. *People* v. *Board of Trustees,* 44 N. Y. Sup. 472, (30 Hunt. 481). No dejamos de convenir, sin embargo, que la orden de lanzamiento que dispone arrojar al demandado del inmueble junto con su propiedad personal es un acto ministerial que la ley impone ejecutar al márshal. Este es el sentido del caso de *Fremont* v. *Cripen,* 10 Cal. 212 (70 Am. Dec. 711), que cita el apelante. Pero la cuestión que resuelve para dejar sentado tal principio es la de un tercero que trata de impedir que

se ejecute el auto de posesión y se decide que el título que quiere hacer valer el tercero de ningún modo quedaba afectado por la sentencia de desahucio, ya que no era una parte en el procedimiento. La cuestión es distinta en este caso.

En virtud de todo lo expuesto, *la sentencia de la corte inferior debe ser confirmada.*

Resolución de abril 30, 1925

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

[1] El apelante en su moción sobre reconsideración insiste en los motivos fundamentales que alegó para sostener su apelación y nada se desprende en los razonamientos de su moción que nos permita rectificar las conclusiones de nuestra opinión de 17 de abril de 1925.

[2] Sin embargo, el escrito que presentó el apelante en adición a su moción, merece alguna consideración para dejar mejor aclarada la situación de este caso, pues su argumentación envuelve la interpretación del artículo 487 del Código Civil Revisado en relación con el 1476 del mismo Código, secciones 3557 y 4582 Comp. 1911.

Dichos artículos, dicen:

"Art. 487.—El usufructuario podrá hacer en los bienes objeto del usufructo las mejoras útiles o de recreo que tuviere por conveniente, con tal que altere su forma o sustancia, pero no tendrá por ello derecho a indemnización. Podrá no obstante, retirar dichas mejoras, si fuere posible hacerlo sin detrimento de los bienes."

"Art. 1476.—El arrendatario tendrá, respecto de las mejoras útiles y voluntarias, el mismo derecho que se concede al usufructuario."

Es cierto como alega el apelante que Manresa (tomo 4, pág. 431 ed. 3ª) comentando el artículo 487, del Cód. Civil Español, igual al del mismo número de nuestro Código Civil Revisado, entiende que entre las mejoras posibles sin alterar la forma ni la sustancia, se halla incluida la edificación pudiendo demoler la obra dejando el suelo expedito, a la terminación del usufructo. Y esto, en virtud de lo dispuesto en el artículo 1476 *supra* equivalente al 1573 del

Cód. Civil Español, puede aplicarse al arrendatario quien también podrá hacer en los bienes objeto del arrendamiento las mejoras útiles o de recreo que tuviera por conveniente, con tal que no altere su forma o su sustancia; pero no tendrá por ello derecho a indemnización. Manresa tomo 10 pág. 648, ed. 3ª

De todo se desprende que el Código Civil y la jurisprudencia han establecido claramente los derechos sustantivos del dueño del fundo, salvo convenio especial de las partes, en cuanto a las mejoras útiles o de recreo que quiera hacer el arrendatario en la finca arrendada pero nada puede decirnos el apelante que para fijar tales derechos sea la acción de desahucio el procedimiento adecuado ni menos, por su especial naturaleza, el auto de *mandamus,* que tal como existe en nuestra actual legislación era un remedio desconocido en el derecho procesal español.

El mismo Manresa si bien cita la sentencia del Tribunal Supremo de España de 20 de abril de 1901, y a esto alude el apelante, por la que se estimaba como mejora útil no indemnizable al usufructuario, con arreglo al artículo 487, ni al arrendatario, en virtud del precepto del artículo 1573, la construcción de tres ranchos hecha por el arrendatario de la finca arrendada, no se alega sin embargo por dicha apelante, que tal contención fuera resuelta dentro de una acción de desahucio. Tomo 4 pág. 431. En este mismo tomo y página se cita también la sentencia de 16 de enero de 1906 del mismo Tribunal Español y con arreglo a ella, el arrendatario o usufructuario que planta árboles en la finca arrendada o usufructuada, carece de facultad para cortarlos y llevárselos porque esa mejora no puede retirarse sin detrimento de los bienes. Esta doctrina sin embargo, no convence al comentarista Manresa y todo ello demuestra, aún cuando la ley declare la clase de mejoras que no son indemnizables por el dueño a la terminación del arrendamiento o usufructo, que esta es una materia de la que surgen opiniones y controversias según las circunstancias del

caso o el convenio *sui generis* que puedan realizar los interesados, y no es el *mandamus,* como hemos afirmado el remedio adecuado para dirimir tales controversias.

Aparece además, que una acción ordinaria ha sido establecida por el arrendatario, como alega el apelante, para reclamar el valor de las casas enclavadas en el suelo arrendado, y siendo este el procedimiento apropiado para ventilar esta clase de contenciones, es la oportunidad que se le presenta al apelante para discutir sus derechos, pues nuestra decisión en este caso en nada prejuzga la protección que pueda concederle el artículo 487 en relación con el 1476 citados de acuerdo con el contrato de arrendamiento o las circunstancias del caso.

Por las razones expuestas debe *negarse la moción de reconsideración.*