FRANCISCA MUNDO VIUDA DE CONDE, demandante y apelante, *v.* DOMINGO DEL CARMEN, demandado y apelado.

No. 5731.—*Sometido:* Noviembre 29, 1932. *Resuelto:* Enero 27, 1933.

*Angel A. Vázquez,* abogado de la apelante; *L. Méndez Vaz,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La demandante apela de una sentencia adversa en acción de daños y perjuicios causádosle por su evicción como demandada en un procedimiento de desahucio después de dictada sentencia, que ahora se alega fué obtenida mediante fraude y falsas simulaciones. El único señalamiento de error es que la sentencia es contraria a la ley y a las pruebas.

Tal señalamiento no es un incentivo para la investigación y discusión independientes de tópicos mencionados, pero que no se desarrollan adecuadamente en el alegato de la apelante.

En 1929 Magdaleno Conde vivía en su propia casa, construída en terrenos pertenecientes a Domingo del Carmen, a quien pagaba por el arrendamiento del solar. En agosto 13, 1929, del Carmen le notificó que debía abandonar el solar en agosto 31. Conde murió en septiembre. En diciembre, del Carmen instituyó un procedimiento de desahucio contra Francisca Mundo, viuda de Conde y sus dos hijos, que componían su sucesión. El procedimiento se basaba en falta de pago del canon adeudado durante los meses de julio, agosto, septiembre, octubre y noviembre. El nervio del argumento de la apelante es que después del 31 de agosto de 1929, luego de recibir la notificación de abandonar el solar, fechada agosto 13, la aquí demandante (demandada en el procedimiento de desahucio) poseía en precario, y que el presente caso debe regirse por la doctrina sentada en el de la *Ermita de Nuestra Señora del Rosario* v. *Margarita Collazo,* 41 D. P.R. 596. En el procedimiento de desahucio no parece haberse suscitado cuestión alguna sobre conflicto de títulos. De haberse planteado tal cuestión hubiese sido difícil distinguir el caso del de *Peña y Balbás* v. *Toro,* 34 D.P.R. 137. De todos modos, la apelante no trata de explicar cómo puede hacerse al aquí demandado responsable de daños y perjuicios por haber dejado el juez de distrito en el procedimiento de desahucio, a iniciativa propia, de aplicar la doctrina del caso de Collazo, unos doce meses antes de haberse resuelto ese caso por esta corte.

La cuestión relativa al supuesto fraude o falsas simulaciones al obtener la sentencia en el procedimiento de desahucio, no requiere seria consideración.

*Debe confirmarse la sentencia apelada.*