Gustavo A. Freyre, demandante y apelado, *v.* Emma e Isabel Blasini, demandadas y apelantes.

Núm. 9531.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Febrero 20, 1948.

M. *León Parra,* abogado de las apelantes; *R. Hernández Matos,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Las apelantes, Emma e Isabel Blasini, son dueñas de una propiedad en Ponce la cual era dedicada a panadería. En el año 1942 la arrendaron al apelado, Gustavo A. Freyre, para dedicarla a dicho fin. Debido a que el único horno que existía en el local estaba en malas condiciones y resultaba insuficiente para la fabricación de pan y asímismo que las condiciones del piso y paredes no eran sanitarias, en el año 1943, el apelado para evitar la clausura del local por Sani-

dad, con el consentimiento expreso e intervención de las apelantes, que no querían gastar dinero para ello, realizó ciertas obras, por valor de $1634, consistentes en un piso de concreto, un fogón de hornilla hecho de cemento, empañetado de las paredes, un horno nuevo y reparación del horno antiguo. A fines del año 1944 las apelantes dieron por terminado el contrato de arrendamiento que tenían con el apelado y procedieron a desahuciarlo. En el certificado de diligenciamiento suscrito por el márshal de la Corte Municipal de Ponce al cumplimentar la orden de lanzamiento dictada, hizo constar que, el allí demandado y aquí apelado, reclamó como suyas ciertas obras y mejoras que alegó hizo con peculio propio y con la anuencia de la parte demandante, especificó dichas obras y que, a petición del apelado, procedió de acuerdo con el artículo 18 de la Ley de Desahucio, a requerir a las partes para que nombraran un perito para valorar dichas obras y que, habiéndose negado a hacerlo las demandantes, el demandado nombró el suyo, habiendo el márshal nombrado otro, los que procedieron, de mutuo acuerdo, a formalizar el justiprecio y avalúo de dichos bienes, rindiendo un informe por escrito, el cual juraron, y en el cual valoraron dichos bienes en $1634. No obstante haber requerido el Sr. Freyre de las apelantes el pago de dicha suma éstas se negaron a efectuarlo, y entonces él radicó demanda sobre restitución en la corte inferior contra las apelantes, en la cual alegó sustancialmente los hechos anteriormente expuestos.

Las demandadas en su contestación negaron los hechos alegados por el demandante y visto el caso, la corte declaró con lugar la demanda(1) y condenó a las demandadas a pagar "mancomunadamente" al demandante la suma de $1634, más las costas y $150 en concepto de honorarios de abogado. No conformes con la sentencia apelaron, y en este recurso alegan que la corte inferior cometió cinco errores.

---

(1) En su relación del caso y opinión la corte declaró probados todos los hechos que en síntesis hemos expuesto.

█ El primer señalamiento, en síntesis, impugna la apre-
ciación que de la prueba hizo la corte sentenciadora, espe-
cialmente en cuanto a que las obras realizadas por el apelado
lo fueran con el consentimiento de las apelantes. Hemos
examinado detenidamente la transcripción de la evidencia
y somos de opinión de que, la prueba del demandante, creída
por el juez, sostiene plenamente la conclusión a que llegó la
corte a quo. Hubo un conflicto en la prueba el cual fué diri-
mido a favor del demandante, y toda vez que no alegan las
apelantes que la corte sentenciadora actuara movida por pa-
sión, prejuicio o parcialidad, y aunque la prueba fué contra-
dictoria, a nuestro juicio, no cometió manifiesto error al apre-
ciarla. Bajo estas circunstancias no estamos dispuestos a
dejar sin efecto las conclusiones de hecho a que llegó al di-
rimir el conflicto en la prueba. *Figueroa* v. *Am. Railroad
Co.,* 64 D.P.R. 335; *Félix* v. *San Miguel,* 64 D.P.R., 415; *Mi-
randa* v. *Jarabo,* 64 D.P.R. 898; *Jiménez* v. *Corte,* 65 D.P.R.
37.

█ Por el segundo señalamiento sostienen las apelan-
tes que la corte inferior erró al resolver que la fabricación
del horno nuevo, el piso de cemento, el fogón de hornilla y
el empañetado de paredes, se hicieron con conocimiento de
las demandadas y constituyen obras necesarias e indispen-
sables.

Ya hemos dicho que la prueba, creída por la corte, de-
mostró que todas las obras realizadas por el apelado se hi-
cieron con el consentimiento de las apelantes. Como cues-
tión de derecho la corte inferior resolvió que "todas las
obras realizadas por el demandante en el local de panade-
ría arrendado, tomando en consideración el fin a que la
misma se dedicaba, fueron de carácter necesario e indispen-
sable." Y que ."la construcción del nuevo horno fué una
edificación hecha de buena fe por el demandante y consen-
tida por las demandadas, que sólo podía ser adquirida por
ellas, previo el pago al demandado del importe de los ma-

teriales y mano de obra necesarios en su construcción." Y citó los casos de *Peña & Balbás* v. *Toro,* 34 D.P.R. 137; *Ermita* v. *Collazo,* 41 D.P.R. 596; *Rivera* v. *Santiago,* 56 D.P.R. 381; *Carrasquillo* v. *Ripoll,* 56 D.P.R. 395; *Pueblo* v. *Carrasquillo,* 58 D.P.R. 176; *Palermo* v. *Corte,* 58 D.P.R. 189; *Maldonado* v. *Rodríguez,* 58 D.P.R. 778; *Reyes* v. *Vázquez,* 58 D.P.R. 786; *Piñero* v. *Encarnación,* 59 D.P.R. 890; *Aybar* v. *Jiménez,* 60 D.P.R. 745. El haber invocado y aplicado estos casos y no el de *Santos* v. *Torres,* 66 D.P.R. 443, se señala por los apelantes como su quinto error.

Arguyen las apelantes que las obras realizadas por el apelado no eran "necesarias e indispensables", como las calificó la corte inferior, y sí "útiles"; y que es aplicable el artículo 1463 del Código Civil, preceptivo de que "El arrendatario tendrá, respecto de las mejoras útiles y voluntarias, el mismo derecho que se concede al usufructuario" y que disponiendo el artículo 416 del mismo Código que "El usufructuario podrá hacer en los bienes objeto del usufructo las mejoras útiles o de recreo que tuviere por conveniente, con tal que no altere su forma o substancia, pero no tendrá por ello derecho a indemnización. Podrá no obstante, retirar dichas mejoras, si fuere posible hacerlo sin detrimento de los bienes", erró la corte al condenarlas a indemnizar al apelado.

No tienen razón las apelantes. Las obras realizadas por el apelado en el local arrendado eran de carácter necesario e indispensable a los fines a que se dedicaba el mismo: panadería. Fueron hechas no sólo con el conocimiento y consentimiento de las apelantes, sino que algunas de ellas para evitar que el local fuera clausurado por las autoridades sanitarias. En cuanto al horno nuevo constituye una edificación hecha de buena fe y el dueño del suelo, para hacerlo suyo, debe abonar el valor de los materiales y mano de obra, ya que el dueño de los materiales tiene derecho a retirarlos sólo en el caso de que pueda hacerlo sin menoscabo de la

obra construída o sin que por ello perezcan las construc-
ciones u obras ejecutadas, de acuerdo con el artículo 296 del
Código Civil (Ed. 1930).

Dispone, además, el artículo 382 del mismo cuerpo legal,
que "Los gastos necesarios se abonan a todo poseedor; pero
sólo el de buena fe podrá retener la cosa hasta que se los
satisfagan. Los gastos útiles se abonan al poseedor de buena
fe con el mismo derecho de retención, pudiendo optar el que
le hubiese vencido en su posesión, por satisfacer el importe
de los gastos o por abonar el aumento de valor que por ellos
haya adquirido la cosa."

Comentando Manresa el artículo 453 del Código Civil Es-
pañol, equivalente al 382 nuestro, dice:

"Gastos necesarios.—Con arreglo al art. 453, los gastos necesa-
rios se abonan a todo poseedor. Por si fuese bastante, lo repite el
art. 455 respecto al poseedor de mala fe. La única diferencia con-
siste en el derecho de retención, que estudiaremos en otro lugar, y
sólo se concede hoy al poseedor de buena fe. Nada más justo que
si la cosa subsiste o no se ha empeorado merced a los gastos y esfuer-
zos del poseedor, si por ellos vuelve al poder de su dueño, éste
tenga que satisfacer esos gastos sin distinguir entre buena o mala
fe. No se concibe que el propietario hubiera dejado de hacerlos.

"Poco importa que el resultado de esos gastos haya ya desapare-
cido al recobrar el dueño su posesión. *Los gastos necesarios no son
mejoras, y no siguen, por tanto las reglas de éstas.* Justificados los
gastos, deben indemnizarse por completo, sin tener para nada en
cuenta el valor de las obras necesarias, en el momento de la entrega.
Valgan más o menos, existan o no existan, la ley habla de abono
de gastos en los artículos citados, así como en el 453, con referen-
cia a las mejoras útiles, y en el 455, con referencia a las de puro
lujo, habla del valor actual de las mejoras, lo què prueba clara-
mente su idea de que se atienda al coste, a lo gastado; solución
que es también la más justa. Las partes, de común acuerdo, por sí
o valiéndose de peritos, y, en último término, los Tribunales deci-
dirán el importe de tales gastos." (Bastardillas nuestras.) Comen-
tarios al Código Civil Español, t. 4 (5ta. ed. 1931), pág. 255.

Y Scaevola, comentando el mismo artículo dice:

"Y lo mismo exactamente cabe afirmar de los gastos que oca-
sionen, por ejemplo, los revocos de fachada ordenados por la auto-

ridad administrativa, los de introducción de ciertas reformas prescritas con carácter obligatorio por las Ordenanzas municipales, etc. En todos estos casos las mejoras introducidas no han dependido de la voluntad del poseedor, sino del precepto legal o del mandato de una autoridad en uso de sus atribuciones; y por otra parte, habría habido necesidad de realizarlas aunque la cosa hubiese estado poseída por el legítimo dueño.'' Comentarios al Código Civil Español, t. 8 (1893), pág. 409

Pero es que toda la argumentación de las apelantes en cuanto a si las mejoras realizadas por el apelado fueron necesarias e indispensables, o por el contrario, útiles y voluntarias, está predicada en su premisa de negar ellas que hubieran dado su consentimiento a que las obras se realizaran. Habiendo la prueba demostrado que ellas no sólo dieron su consentimiento sino que visitaban e inspeccionaban las obras, bien personalmente o representadas por el esposo de una de ellas, no creemos que tengan derecho a ampararse en un tecnicismo para evadir el pago de aquéllo con que se enriquecieron. La prueba demostró que ellas vendieron en $500 las piezas del horno que había sido reparado por el apelado y destruyeron el horno nuevo y dispusieron de sus materiales. Como dice Manresa, los gastos necesarios no son mejoras y justificados que sean deben indemnizarse por completo sin tener en cuenta el valor de las obras necesarias, en el momento de la entrega, pues valgan más o menos, existan o no existan, la ley habla de abono de los gastos.

Aun cuando no hubiera habido el consentimiento de las apelantes, negar al apelado su derecho a recobrar lo gastado por él sería reconocer en las apelantes el derecho a enriquecerse injustamente a costa del primero. ''Una persona que ha sido injustamente enriquecida a expensas de otra es requerida a hacer restitución a la otra.''—*Restatement Restitution,* sección 1. En el caso de *Compañía Popular* v. *Corte,* 63 D.P.R. 121, 128, 129, y tratando sobre la institución del enriquecimiento injusto, citamos de Valverde—

3 Tratado de Derecho Civil Español, pág. 642—donde dice que "... es susceptible de aplicación en múltiples casos que es imposible prever, pues no sólo se ve su aplicación en el pago indebido, sino, v. gr., *en determinadas accesiones o incorporaciones a la propiedad* ..." (Bastardillas nuestras.) Y resolvimos que "el principio jurídico de enriquecimiento sin causa es una regla superior de equidad que se aplica siempre que haya existido un injusto enriquecimiento. Esta institución no está basada en la existencia de un contrato. Si así fuera, no habría necesidad de recurrir a ella, ya que las partes tendrían que atenerse al contrato, que es ley entre los contratantes."

No erró la corte inferior al aplicar estos principios y tampoco al aplicar los casos anteriormente citados, ya que, en cuanto al nuevo horno construído, para hacer suya dicha obra realizada de buena fe y con conocimiento y consentimiento de las apelantes, tenían éstas que indemnizar al apelado los gastos en que incurrió, todo ello de acuerdo con el artículo 297 del Código Civil en relación con el artículo 382 del mismo cuerpo legal.

Alegan las apelantes en su cuarto señalamiento, que la corte inferior erró al resolver que la existencia y el costo de las obras, con un valor de $1634, se probara solamente con evidencia testifical e invocan el artículo 1232 del Código Civil(²) y los casos de *Rivera* v. *García,* 42 D.P.R. 207 y *Santiago* v. *Cuevas Padilla,* 41 D.P.R. 116.

Estos casos militan en contra de la contención de las apelantes, pues en ellos resolvimos que el artículo 1232 no excluye prueba testifical cuando se trata de las mismas partes que contrataron, y la posición de las apelantes es que ellas nunca consintieron en que el apelado realizara las obras y por tanto, que nunca existió contrato expreso ni im-

(²) El artículo 1232, en lo pertinente, dispone, que "También deberán hacerse constar por escrito, aunque sea privado, los demás contratos en que la cuantía de las prestaciones de uno o de los dos contratantes exceda de trescientos dólares."

plícito entre ellos. Empero, si bien la corte inferior resolvió que ellas habían consentido a que se realizaran las obras, no basó su decisión, como hemos visto, en que existiera un contrato entre las partes, sino en el derecho que nuestro Código reconoce al poseedor de buena fe de ser indemnizado tanto de los gastos necesarios incurridos, como del costo de los materiales y mano de obra de aquellas obras que por accesión quedaron a beneficio de las apelantes. .

*Se confirma la sentencia apelada.*

El Juez Presidente Sr. Travieso no intervino.