MANISCALCO & NUCCIO, demandante y apelada, *v.* MANUEL V. DOMENECH (sustituído en apelación por RAFAEL SANCHO BONET), TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 6881.—*Sometido:* Abril 29, 1936. *Resuelto:* Mayo 7, 1937.

*Hon. Procurador General B. Fernández García y R. Cordovés Arana, Procurador General Auxiliar,* abogados del apelante; *J. J. Ortiz Alibrán,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La apelada Maniscalco & Nuccio era una sociedad mercantil de Mayagüez que se dedicaba al negocio de compraventa de frutas citrosas, principalmente chinas. Como no radicó voluntariamente declaración sobre ingresos, el Tesorero de Puerto Rico, luego de practicar una investigación, preparó declaraciones para los años 1927, 1928 y 1929, en las cuales, para el año contributivo comprendido entre agosto 1. 1926, y julio 31, 1927, halló un beneficio de $6,648.07, para el año que terminó en 1928, de $7,252.44, y para el año 1929, de $7,252.44. Para el año que finalizó en julio, 1928, la Junta de Revisión e Igualamiento determinó que hubo pérdidas, y que la sociedad no tenía que pagar contribuciones, mas confirmó las impuestas por el Tesorero para los otros dos años ascendentes a $360.05 y $685.71, respectivamente. La firma pagó las contribuciones bajo protesta y entabló demanda contra el Tesorero para obtener su devolución. La Corte de Distrito de San Juan sostuvo las contribuciones para el año 1926-27, mas ordenó la devolución de $723.88 para el año 1928-29. El Pueblo de Puerto Rico apeló.

█ La corte resolvió que la apelada no hizo negocios ni recibió beneficios durante el año 1928-29, y que por tanto no estaba obligada a pagar contribución alguna. Debe notarse que el Tesorero practicó la investigación de conformidad con la sección 70 de la Ley núm. 74 de 1925 (págs. 401, 535), y fijó la suma que debía pagarse, aplicando un sistema de promedios tomado de los ingresos recibidos entre agosto de 1929 y abril de 1930. El apelante en su primer señalamiento de error se queja de que para destruir esta conclusión la corte inferior sólo tuvo en cuenta la declaración de un solo testigo, Felipe Maniscalco, uno de los socios, quien declaró que la sociedad había sufrido pérdidas durante dicho año.

El apelante dice:

"(a) Porque no se demostró que el procedimiento seguido por el demandado fuese erróneo, arbitrario e ilegal y por tanto, no teniendo la demandante libros, el sistema que usó el Tesorero era primá facie

válido de acuerdo con las secciones 14 y 70 de la Ley 74 de 1925, no siendo suficiente para destruir dicha validez la declaración de uno de los socios de la demandante en cuanto a que tuvo pérdidas que *él calculó* (de memoria) en cinco o seis mil pesos. Precisamente la Sección 14 establece que si el contribuyente no llevare libros de contabilidad, o si el sistema usado no reflejare *claramente* su ingreso, la computación será hecha de acuerdo con el sistema que en *opinión del Tesorero* refleje claramente el ingreso. Si el cálculo de memoria del contribuyente pudiera usarse como base para computar la contribución sobraría esta disposición de la sección 14 de la Ley 74 y estarían de más las declaraciones de oficio.

"(*b*) No habiendo sido controvertida la presunción de validez de que goza la declaración hecha de oficio por el Tesorero, fijando a la demandante un ingreso neto montante a $7,252.44 en el período contributivo de 1928–1929, la corte venía obligada a fallar de acuerdo con la presunción, según dispone el artículo 100 de la Ley de Evidencia vigente (Artículo 462 del Código de Enjuiciamiento Civil de 1933).''

Podemos ver que lo que el Tesorero consideró como la contribución presentó un caso prima facie, pero no levantó ninguna presunción en favor del Pueblo a no ser la existente en un caso prima facie. Aun si existe una presunción, la otra parte tiene derecho a controvertirla. Surgió la cuestión relativa a la veracidad de la declaración de Maniscalco, mas la corte tenía derecho a creerla. Desarrollaremos este punto un poco más al discutir el segundo señalamiento de error.

██ Éste lee así: "La sentencia de la corte de distrito declarando con lugar la demanda en cuanto a la segunda causa de acción en ella ejercitada, es contraria a las alegaciones y a la prueba practicada.''

La primera contención del Pueblo a este respecto es que hubo un cambio de teoría o una incongruencia en la corte de distrito. Es posiblemente cierto que la apelada fuera a juicio, según sostiene el apelante, con la idea de probar que tuvo pérdidas en el negocio de embarque de frutas exclusivamente. El caso fué complicado por lo que el ciclón de 1928 causó a la apelada, y se demostró que ésta hizo muy poco o ningún negocio en 1928–29. La corte halló primordial-

mente, y convenimos con ella, que de conformidad con la prueba de la apelada Maniscalco & Nuccio, ésta no hizo negocios en 1928–29, y que tampoco recibió beneficios. Esto de por sí tendería a resolver el caso, y por ende la alegada incongruencia puede considerarse sin importancia. Mas consideremos la supuesta incongruencia.

El contexto de la demanda lee:

"Alega además la demandante que se ocupa en la compraventa de frutas citrosas del país, y principalmente chinas, y con preferencia se dedica al embarque y exportación de estas frutas a la ciudad de New York; y que allá por el mes de septiembre de 1928, azotó a Puerto Rico un ciclón que devastó las siembras de frutas y castigó de tal manera a las que pudieron salvarse, que llegaban en muy malas condiciones al mercado de New York, originándose pérdidas en las transacciones, no estando obligada la demandante por ese hecho, a pagar ninguna contribución sobre ingresos en el año 1929, y por tanto habiendo sido cobrada indebidamente por el demandado la contribución pagada ascendente a $723.88 que es lo que se reclama en esta segunda causa de acción."

Durante el juicio Maniscalco declaró que el negocio de la sociedad se paralizó en 1928–29, y que prácticamente no hubo transacciones. Igualmente continuó diciendo que el almacén en que la firma guardaba su maquinaria para empacar las frutas, y los libros, etc., fué destruído junto con otros materiales allí almacenados. No es enteramente claro que la corte descansara en las pérdidas sufridas debido a la destrucción del almacén, para que se decida que a Maniscalco & Nuccio no se les exigió que pagaran contribuciones por el año 1928–29. La prueba es enteramente consistente con la conclusión de que la firma demandante no recibió beneficios durante dicho año, y que independientemente de ello sufrió pérdidas en su almacén, etc. En tal caso, la incongruencia, de haberla, sería insignificante.

Sin embargo, no se hizo objeción alguna en la corte inferior y se renunció a la incongruencia, o la demanda podía considerarse como enmendada de conformidad con el caso

de *Pueblo* v. *Sucesión Valdés*, 31 D.P.R. 223, y con los otros que le han seguido.

Podría haber alguna duda respecto a la suficiencia de la prueba para demostrar daños substanciales al almacén, mas no sería suficiente para que revocáramos la conclusión de la corte inferior.

*Debe confirmarse la sentencia apelada.*