Manuel Viñas, demandante y apelado, *v.* Carmelo Hernández, María Maldonado y Angela Dozal Somohano, demandados y apelante la última.

Núm. 8390.—*Sometido:* Marzo 17, 1942. *Resuelto:* Abril 20, 1942.

*Rincón Plumey & Del Toro Fernández,* abogados de la apelante; *E. H. F. Dottin,* abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Manuel Viñas demandó a Carmelo Hernández, María Maldonado y Angela Dozal Somohano en cobro de un préstamo no pagado ascendente a $801. Se registró sentencia en rebeldía contra los dos primeros demandados. Después de un juicio en los méritos la corte de distrito dictó sentencia contra Angela Dozal Somohano por la cantidad total de $801, y ésta apeló contra tal sentencia.

El testimonio del apelado fué que él hizo un préstamo a los tres demandados para que ellos pudieran construir un anexo a la casa de Angela Dozal Somohano, para ser ocupado por María Maldonado, su hija, y por Carmelo Hernández, que para entonces eran casados y que se divorciaron más tarde; que se suponía se otorgara una hipoteca sobre el anexo para garantizar el préstamo, pero esto nunca se hizo; que Angela Dozal Somohano garantizó el préstamo.

La apelante hizo una negación completa de este testimonio, con la explicación de que el dinero para construir el anexo, que ella alegaba le pertenecía, provenía de otras fuentes. Hubo mucho testimonio de ambos lados. La corte dió crédito a los testigos del apelado. Aunque la apelante alega

pasión, prejuicio y parcialidad de parte de la corte inferior, no los hallamos después de un examen cuidadoso del récord. En un caso como éste que envuelve un marcado conflicto en la prueba, la corte inferior usualmente está en mejor· posición que esta corte para determinar los hechos. Bajo las circunstancias de este caso, no vemos base sobre la cual podamos alterar propiamente las conclusiones sobre los hechos a que llegó la corte inferior.

■■ La apelante también se queja de que hubo una incongruencia entre la demanda y la prueba. Se admite que ésta existió, toda vez que el pleito era contra tres personas en cobro de un préstamo, y la corte dictó sentencia por la cantidad total contra una de ellas, por el fundamento que esta última garantizó el préstamo. Pero como "no se hizo objeción alguna en la corte inferior . . . se renunció a la incongruencia, o la demanda podía considerarse como enmendada de conformidad con el caso de *Pueblo* v. *Sucn. Valdés,* 31 D.P.R. 223 . . . ". *Maniscalco & Nuccio* v. *Sancho Bonet, Tes.,* 51 D.P.R. 515, 518. Además, aun cuando la apelante hubiera hecho su objeción en el momento oportuno, se le hubiera requerido que demostrara que "ella (la incongruencia). fuera (era) esencial, es decir, que le hubiese sorprendido o inducido a error en su perjuicio." *Carrasquillo* v. *Ripoll y Maldonado, Int.,* 56 D.P.R. 395, 402.

El récord demuestra que el apelado fué a juicio bajo la teoría de una garantía de la suma total por parte de la apelante; los testigos del apelado declararon a ese efecto sin objeción; fueron contrainterrogados por el abogado de la apelante sobre estos extremos, y la misma apelante ofreció testimonio negando la garantía. La incongruencia ni cogió a la apelante por sorpresa ni en manera alguna perjudicó su posición. *Díaz* v. *Rosado,* 30 D.P.R. 515, 529; *Font* v. *Viking Construction Corporation,* 58 D.P.R. 689, 704. Toda vez que "la prueba demuestra que las partes entendieron debidamente las verdaderas controversias envueltas . . . debe

considerarse que la demanda ha sido enmendada de conformidad con la prueba." *Gavilán & Co.* v. *Garriga & Hijos et al.,* 38 D.P.R. 416, 417.

■ La apelante hace hincapié en el argumento que la incongruencia en este caso cambió la causa de acción. El punto se suscitó por primera vez en la moción de reconsideración. Al declararse sin lugar la moción de reconsideración, la corte de distrito resolvió que la causa de acción seguía siendo la misma a pesar de la incongruencia, toda vez que en uno u otro caso estaba envuelto un pleito sobre cobro de dinero. Esto puede ser dudoso bajo la regla establecida en *Martí* v. *American Railroad Company,* 28 D.P.R. 737. Sin embargo, creemos innecesario pasar sobre esa cuestión en este caso. Las cuestiones de hecho provenientes de esta transacción fueron juzgadas clara y ampliamente en la corte inferior. No vemos razón para que, en la ausencia de objeción en el momento oportuno y la falta de sorpresa de la apelante, insistamos en que el caso vaya a la corte de distrito para un juicio *de novo.*

■ Otro alegado error es que aun si éste hubiese sido un pleito sobre una garantía, no procedería el pleito toda vez que la cantidad garantizada excedía de $300 y no se ofreció documento escrito alguno para establecer tal obligación. Los casos resuelven que no se exige este requisito entre las partes mismas. *Más* v. *Llona,* 31 D.P.R. 30; *Santiago* v. *Cuevas,* 41 D.P.R. 116.

De igual manera tampoco se dejó de observar la disposición del artículo 1726 del Código Civil al efecto de que "La fianza no se presume: debe ser expresa . . . ". El testimonio del apelado, que fué creído por la corte inferior, estableció una garantía expresa.

*La sentencia de la corte de distrito será confirmada.*

Los Jueces Asociados Sres. Travieso y Todd, Jr., no intervinieron.