ANGEL M. VILLAMIL, demandante y apelante, *v.* JOSÉ CAMACHO, DOLORES BURGOS y JOSÉ VÉLEZ CRUZ, demandados y apelados.

Núm. 8977.—*Sometido:* Diciembre 12, 1944. *Resuelto:* Abril 12, 1945.

*Angel M. Villamil, pro se* y *Pedro Juan Alcalá,* abogado del apelante; *E. Ortiz Reyes,* abogado de los apelados.

El Juez Asociado Señor Todd, Jr·, emitió la opinión del tribunal.

Al adquirir por compra Angel M. Villamil una parcela de terreno en Santurce de 1,454.59 metros, encontró en uno de los solares de dicho terreno dos pequeñas edificaciones de madera con techo de zinc, propidad de José Camacho y Dolores Burgos, quienes las habían edificado con el consentimiento de los anteriores dueños del terreno. Villamil radicó demanda de desahucio en precario contra ellos y contra José Vélez Cruz, a quien le tenían dadas en arrendamiento las mencionadas edificaciones, alegando que poseían el solar sin pagar canon o merced alguna.

Llamado el caso para la vista de la primera comparecencia, por estipulación de las partes la corte señaló tanto la primera como la segunda comparecencia para el día 10 de diciembre de 1943, en cuyo día no comparecieron los demandados. Al manifestar el abogado del demandante que iba a

solicitar sentencia, la corte preguntó a éste si quería declarar, procediendo Villamil a prestar testimonio.

El día 16 de diciembre de 1943 la Corte de Distrito de San Juan dictó sentencia declarando sin lugar la demanda. Hizo constar en su opinión que la prueba demostró "que las edificaciones . . . . fueron construídas en el solar . . . . . de buena fe y con el consentimiento del anterior dueño." El demandante pidió la reconsideración de la sentencia, por el fundamento de que, al declarar en el caso, ofreció a la corte pagar la suma de $300 como indemnización por las edificaciones, o, de no estar conformes los demandados con dicha cantidad, " . . . a que se nombrasen tasadores de acuerdo con los preceptos de ley y a satisfacer el importe que así se adjudicase a los demandados, antes de que se ejecutara la sentencia que se pudiera dictar en contra de ellos." La corte de distrito declaró sin lugar la reconsideración y el demandante apeló.

La única cuestión a resolver es si dentro del procedimiento de desahucio en precario puede y debe resolverse el importe de las edificaciones pertenecientes a un demandado y construídas de buena fe, cuando el demandante no alega un derecho de propiedad sobre tales edificaciones en contra del demandado, sino que por el contrario reconoce el derecho de éste y ofrece satisfacer el importe de las mismas. Sostiene el apelante que esta cuestión es nueva en nuestra jurisdicción, y claramente distinguible de la doctrina sentada por la jurisprudencia de este tribunal.

El ratio decidendi de los casos de *Rivera* v. *Santiago*, 56 D.P.R. 381, *Carrasquillo* v. *Ripoll y Maldonado, Int.*, 56 D.P.R. 395, *Palermo* v. *Corte*, 58 D.P.R. 189, y *Aybar* v. *Jiménez*, 60 D.P.R. 745, es que las edificaciones levantadas de buena fe en terreno ajeno ceden por derecho de accesión a favor de los dueños del terreno, siempre que éstos paguen *previamente* tanto el importe de los materiales como el costo de la mano de obra, y que, por consiguiente, no procede el desahucio en precario contra el edificante de buena fe, a me-

nos que exista un pacto que regule los derechos de los litigantes.

Siguiendo esta doctrina, en el caso de *Reyes* v. *Vázquez*, 58 D.P.R. 786, 791, se resolvió que "La demanda en el presente caso no alega que el demandante haya hecho ese pago *con anterioridad a la radicación de la demanda* y por tanto no aduce hechos suficientes para que el demandante pueda basar en ellos una acción de desahucio en precario." (Bastardillas nuestras·)

En el caso de autos los únicos hechos alegados en la demanda son que el demandante, en unión de su esposa, posee y es dueño del solar que se describe; que en el referido solar hay dos casas, propiedad de los demandados, dadas en arrendamiento a José Vélez Cruz; que los demandados poseen el mencionado solar en precario, sin pagar canon o merced alguna, y en contra de la voluntad del demandante, todo ello acompañado de la petición de sentencia. Bajo la doctrina del caso de *Reyes* v. *Vázquez*, esta demanda es insuficiente.

■ No podemos resolver en apelación que la declaración del demandante tuvo el efecto de enmendar la demanda. Si bien en *Viñas* v. *Hernández*, 60 D.P.R. 276, ratificando lo resuelto en *Pueblo* v. *Sucn. Valdés*, 31 D.P.R. 223 y *Maniscalco & Nuccio* v. *Sancho Bonet, Tes.*, 51 D.P·R. 515, resolvimos que las demandas podrán considerarse como enmendadas por la prueba que se presentó sin oposición en el juicio, en el presente caso la prueba fué presentada en ausencia de la parte contraria, y por tanto no puede decirse que ésta tuvo oportunidad para objetar ese extremo. Empero, aun cuando la considerásemos como enmendada, no se subsanaría su deficiencia, pues al interpretar el artículo 297 del Código Civil[1] los casos mencionados requieren previa indem-

---

[1] Artículo 297.—El dueño del terreno en que se edificare, sembrare o plantare de buena fe, tendrá derecho a hacer suya la obra, siembra o plantación, previa la indemnización establecida en los artículos 382 y 383 de este código, o a obligar al que fabricó o plantó, a pagar el precio del terreno, y al que sembró, la renta correspondiente.

nización, y no previo ofrecimiento de pago. La razón es obvia: si la oferta no es aceptada, es necesario el juicio declarativo para que, de acuerdo con las reclamaciones, se pueda establecer la indemnización.

*Debe confirmarse la sentencia apelada.*