Erasma Arvelo y la Sucesión de Santos Rosado García, demandantes, apelados y apelantes, *v.* Pedro Román Cintrón y su esposa Isabel de León; Puerto Rico Production Credit Association y el posible Tenedor de una obligación, de nombre desconocido, demandados, apelante el primero y apelados.

Núm. 9160.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Febrero 21, 1946.

*Luis Mercader,* abogado del apelante apelado; *Isaías M. Crespo,* abogado de los apelados apelantes; *Cipriano Olivieri,* abogado de la apelada, Puerto Rico Production Credit Association.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

Ambas partes apelan de una sentencia declarando nula la ejecución de una hipoteca por la vía sumaria, y con lugar la contrademanda en cobro del crédito hipotecario y de otras obligaciones.

Consideremos en primer término la apelación del demandado. Señala seis errores que se pueden reducir a cuatro, a saber, el haberse anulado el procedimiento ejecutivo hipotecario, el habérsele condenado al pago de honorarios de abogado, el haberse aprobado el memorándum de costas presentado por los demandantes, y el haberse denegado ciertas partidas de las reclamadas en la contrademanda.

■■ La hipoteca ejecutada se constituyó en 8 de junio de 1927, en garantía de un préstamo de $250, con intereses al tipo de 12 por ciento anual. Nada dispuso la escritura en cuanto a intereses de mora. Luego el acreedor sólo tenía derecho a cobrar intereses de mora al tipo legal de seis por ciento anual. *Figueroa* v. *Boneta,* 58 D.P.R. 811. Sin embargo, al ejecutar el demandado la hipoteca, requirió a los demandantes de pago por intereses de mora a razón del 12 por ciento anual, o sea exactamente el doble de lo que por ese concepto tenía derecho a cobrar según la escritura y según el registro de la propiedad. Ese requerimiento, por una suma en exceso de la que la hipoteca garantizaba, produjo la nulidad de todo el procedimiento. *De Jesús* v. *Assad,* 63 D.P.R. 137; *Figueroa* v. *Boneta,* supra.

■ Aunque las partes no han discutido el punto, lo cierto es que el fundamento de nulidad que acabamos de dejar establecido no es precisamente el que alegaron los demandantes en su demanda. Lo que alega la demanda es que se requirió de pago por noventa y cinco dólares de intereses, a pesar de que la hipoteca garantizaba solamente veinticinco dólares de intereses.[1] Lo que demuestra la prueba es que

[1] Fundaban su argumento los demandantes en la cláusula de la escritura constitutiva de la hipoteca que en lo pertinente reza así:

"En garantía de los doscientos cincuenta dólares de capital, veinte y cinco dólares para intereses y cincuenta dólares para gastos y honorarios de abogado . . . don Santos Rosado García . . . constituye hipoteca . . . "

Ese fundamento de nulidad no es válido, según hemos resuelto en *Torres* v. *Fernández,* ante, pág. 622, ya que la estipulación de garantizar con hipoteca sólo parte de los intereses debe entenderse que es aplicable a terceros solamente, y no al deudor, a menos que claramente se disponga lo contrario.

se requirió de pago por noventa y cinco dólares de intereses y que sólo se adeudaban, de acuerdo con la escritura de hipoteca, cuarenta y siete dólares cincuenta centavos, o sea, que en el requerimiento de pago se incluyeron intereses de mora al 12 por ciento cuando el tipo aplicable de acuerdo con la escritura era de 6 por ciento, como ya hemos visto. Pero en esencia, la queja fundamental de los demandantes es que se les requirió de pago por una suma excesiva de intereses, y esa queja se alegó y se probó. El demandado no se ha quejado en momento alguno de inconsistencia entre las alegaciones y la prueba, a pesar de que la corte inferior, al determinar la nulidad del procedimiento ejecutivo por haberse cobrado intereses en exceso de lo pactado, fundó su decisión tanto en el hecho de que en la escritura no se estipularon intereses de mora, como en el hecho de que se estipuló que la hipoteca garantizaría $25 de intereses. Asumiendo, por lo tanto, que exista inconsistencia entre la prueba y las alegaciones de la demanda, deben entenderse éstas enmendadas para conformarse con aquélla. *Viñas* v. *Hernández,* 60 D.P. R. 276, Regla 15(*b*), Reglas de Enjuiciamiento Civil.

Tenemos, pues, que el procedimiento ejecutivo hipotecario que instó el demandado está viciado de nulidad. Arguye éste, sin embargo, que los demandantes están impedidos (*estopped*) de impugnar la validez del procedimiento, porque la hipoteca se ejecutó a instancia de los demandantes, como parte de un plan para liquidar las numerosas deudas de éstos en la forma más económica y sencilla para ellos. No hay prueba de que así fuera. Si bien la prueba demuestra que el demandado, al morir el causante de los demandantes, se hizo cargo de varias deudas de la sucesión, no hay nada que indique que al ejecutar la hipoteca actuara el demandado a instancia de los demandantes. Por el contrario, de la prueba del propio demandado aparece que los demandantes rehusaban abandonar la finca ejecutada, y fué necesario que el már-

shal los lanzara de ella. No erró, por lo tanto, la corte inferior al decretar la nulidad del procedimiento ejecutivo hipotecario.

 Tampoco nos convence el demandado de que errara la corte inferior al condenarle al pago de honorarios de abogado. No podemos decir que se excediera la corte en el uso de su discreción al considerar al demandado temerario, por haberse opuesto a la demanda de nulidad, ya que el procedimiento impugnado en la demanda fué claramente nulo.

 En cuanto al memorándum de costas, el error que imputa el demandado a la corte inferior es el haberlo considerado y resuelto después de haberse apelado la sentencia. Ni existe el error, ni base para siquiera discutirlo.(²)

 Entrando ahora a considerar la contrademanda, señala el demandado contrademandante como error el que la corte no condenara a los demandantes contrademandados al pago del importe total de las sumas que el demandado dijo haber pagado para satisfacer deudas de los demandantes, ni al pago de alegadas mejoras introducidas por el demandado en la finca objeto del litigio. No nos dice el demandado cuáles son las partidas que fueron indebidamente denegadas, ni nos explica en qué consistió el error. La corte inferior rechazó varias partidas, por entender que no fueron debidamente establecidas. Del examen que hemos hecho de la evidencia, en la cual hubo conflicto, no estamos convencidos de que la corte errara al rechazar las partidas incluídas en el señalamiento de error del demandado, con la excepción de la partida de $57.13 pagada por el demandado por concepto de contribuciones adeudadas por el causante de los demandantes, pago que acreditó el demandado con prueba fehaciente que no fué contradicha. Debe por lo tanto modificarse aquella parte de la sentencia que declara con lugar, en parte, la contrademanda y condena a los demandantes a pagar al

(²)Véase el artículo 339, Código de Enjuiciamiento Civil, según enmendado por la Ley núm. 69 de 11 de mayo de 1936 ((1) pág. 353).

demandado la suma total de $1,106.75, en el sentido de adicionar la suma de $57.13.

██ Consideremos ahora la apelación de los demandantes. Tenemos que éstos imputan dos errores a la corte inferior: el haber rechazado la reclamación de los demandantes por daños y perjuicios y por los frutos percibidos por el demandado mientras detentaba la finca, y el no haber concedido a los demandantes más de $250 por concepto de honorarios de abogado.

La corte inferior nos dice expresamente que rechazó la reclamación por los daños y perjuicios que los demandantes alegan causó el demandado en la finca porque no dió crédito alguno a la prueba de los demandantes, y sí a la declaración del testigo José Pérez Martínez, márshal de la corte. Creemos que ésa es la solución más razonable del conflicto en la prueba, pero aunque no lo fuera, se trata de la apreciación de prueba contradictoria por el juzgador de los hechos, y carecemos de base alguna para alterarla.

En cuanto a los frutos reclamados, nos dice la corte inferior que la prueba de los demandantes es insuficiente, que sus testigos tras muchas dudas y vacilaciones declararon sobre hechos que luego resultaba no conocían plenamente, y que como resultado de ello no pudo llegar a una conclusión. A fe que no exagera la corte la debilidad de la prueba de los demandantes. Concluye la corte inferior, aparentemente por no tener otra alternativa, por aceptar la declaración del demandado al efecto de que los frutos que percibió no sobrepasaron los gastos de la finca.

Aunque no podemos decir que se equivocara la corte inferior en su apreciación de la prueba en cuanto a los frutos, no se percató la corte, como tampoco se han percatado los abogados de las partes, de que el demandado en su contestación a la demanda admitió haber percibido $480 por concepto de frutos. Debe por lo tanto ser condenado al pago de esta suma.

El segundo y último error señalado por los demandantes, impugnando la cuantía de $250 concedida por concepto de honorarios de abogado por ser insuficiente, no existe. Dentro de las circunstancias del caso, la cuantía fijada es más bien generosa.

*Por los fundamentos expuestos, debe modificarse la sentencia apelada en el sentido de adicionar la suma de $57.13 a las cantidades que se condena a los demandantes a pagar al demandado, y de condenar al demandado a pagar a los demandantes $480 por concepto de frutos, y así modificada, confirmarse.*